KING, P.J.,
for the Court.
¶ 1. Appellant Ralph Hundley sought post-conviction relief after having entered a guilty plea to two charges of the sale of cocaine. Oh appeal, Hundley claims the trial court failed to address him personally as to each of his basic constitutional rights involved in the plea proceedings. Accordingly, he maintains that he is entitled to relief from his pleas and sentences. For the reasons set forth in this opinion, we affirm in part and reverse and render in part.
ISSUES
I. WHETHER THE TRIAL COURT ERRED IN REFUSING TO GRANT HUNDLEY POST-CONVICTION RELIEF AND VACATE HIS GUILTY PLEA.
II. WHETHER THE TRAIL COURT ERRED IN FAILING TO FIND THE GUILTY PLEA WAS INVOLUNTARILY ENTERED.
III. WHETHER THE TRIAL COURT ERRED IN DISMISSING HUNDLEY’S SECOND MOTION FOR POST-CONVICTION RELIEF FILED UNDER A DIFFERENT CAUSE NUMBER AND FINDING THE MOTION FRIVOLOUS AND IMPOSING SANCTIONS.
FACTS
¶ 2. Hundley entered guilty pleas to two charges of sale of cocaine as an habitual offender. At the hearing on the plea, the judge questioned Hundley on issues regarding his representation, the voluntariness of his plea, the possible sentences for those charges, the essential elements of the charges against him, his knowledge and understanding of the effect of entering guilty pleas, the plea petition and whether he read, signed and understood it, and whether he understood the constitutional rights waived by entering guilty pleas. Hundley acknowledged that his guilty pleas were being made voluntarily with knowledge of the constitutional rights waived and with an understanding of the possible sentences for these charges, that he had read and signed the plea petition, that he was subject to an enhanced sentence as a repeat offender, that he had not been coerced or tricked into entering his guilty plea, that he was guilty of the charges against him, and that he was waiving his right to appeal his conviction on these charges.
¶ 3. Hundley filed a petition for post-conviction relief which was denied. The circuit court held that Hundley’s plea had been voluntarily and knowingly entered and that he had effective assistance of counsel and was therefore entitled to no relief. Prior to the issuance of the order denying relief, Hundley filed a second motion for post-conviction relief which contained the identical arguments as in his first motion.
¶ 4. The circuit court found the second petition to be identical to the first and thus frivolous and accordingly denied any relief. *1227 The circuit court also sanctioned Hundley by ordering a forfeiture of sixty days of accrued earned time pursuant to the terms of Mississippi Code Annotated section 47-5-138 of 1972, as amended.
ANALYSIS

I. and II. Post-conviction relief and guilty pleas

¶ 5. In his petitions for post-conviction relief, Hundley asked to be relieved of his plea and sentence because the circuit court faded to personally query him on his waiver of each and every constitutional right thereby making his pleas void for lack of voluntariness and understanding. That request has been denied by the circuit court, and Hundley now presents it to this Court.
¶ 6. Before accepting a plea of guilty, the trial judge is required to determine that the defendant’s effort at entering a guilty plea, is done knowingly, voluntarily and with understanding. Harris, v. State, 757 So.2d 195, 200 (¶ 23)(Miss.2000); URCCC 8.04(A)(4).
¶ 7. This court has reviewed the record and finds it does not support Hundley’s claim. Particularly relevant is the following portion of the colloquy of Hundley’s plea hearing:
Q. And you are represented by Mr. James Potuk; is that correct.?
A. Yes.
Q. All right. You have been indicted in your three cases on a felony. Two of these indictments are sale of cocaine. The other indictment is possession of methamphetamine. All is enhanced under the habitual offender statute, also. Do you understand that if you are convicted of sale of cocaine, you could be sentenced to serve 60 years for each sale and up to 6 years on possession of methamphetamine? Do you understand that?
A. Yes, sir.
Q. And you could also be fined not less than $1000, no more than one million dollars in each sale case and/or not less than $1,000, no more than $30,000 on the possession of methamphetamine case. Do you understand that?
A. Yes, sir.
Q. And it is your desire to plead guilty to the two sale of cocaine cases?
A. Yes.
Q. And the methamphetamine case will be dismissed. Is that your understanding?
A. Yes, sir.
Q. Okay. Now, each question that I ask you from this point forward, I want you to consider it as applying to both of your sale cases. Okay?
A. Yes.
Q. Have you discussed the facts of both of these cases with your attorney, Mr. Potuk?
A. Yes.
Q. Have you discussed with him any possible legal defense to these charges that you might have, if you have any legal defenses; that its, have you discussed those possibilities with him?
A. Yes.
Q. Are you satisfied with the services rendered to you and on your behalf by your attorney?
A. Yes.
Q. Do you feel like he has done all that any attorney could do in representing you and defending you in your case?
A. Yes.
Q. Do you feel like anyone is putting any pressure on you to make you plead guilty? ...
A. No.
*1228 Q. Do you feel like anyone is tricking you or manipulating you in any way to make you plead guilty this morning.?
A. No.
Q. All right. Did Mr. Potuk explain to you what we call the essential elements that makes up these to sale cases? And by that I mean, did Mr. Potuk tell you what the State of Mississippi, acting through the District Attorney’s office, would have to prove at a trial beyond a reasonable doubt before a jury could convict you of these to sale cases?
A. Yes.
Q. Do you understand those essential elements?
A. Yes.
Q. Have you gone over this petition with your attorney paragraph by paragraph?
A. Yes.
Q. ... So if I understand what you are telling the Court, you are entering your plea of guilty freely, voluntarily, and knowingly with a full understanding of all matters that are set forth not only in your indictment that charges you with the sale of cocaine in each case, but in this petition to plead guilty; is that correct?
A. Yes.
Q. And that’s acknowledged by your initials at the end of Paragraph 4?
A. Yes, sir.
Q. Okay. Now, Paragraph 5 of your petition, Mr. Hundley, it sets out rights, constitutional rights, that you and every defendant are entitled to receive if you were to plead not guilty and you went to trial; that is, these rights under Paragraph 5 are connected with a trial. But by pleading guilty this morning, you will be giving up each of these rights because you will not have a trial. Do you understand that?
A. Yes, sir.
Q. All right. Have your read Paragraph 5 in its entirety?
A. Yes, sir.
Q. Have you gone over each of those rights with your attorney?
A. Yes.
Q. Did he explain each of those rights to you and answer any questions that you might have had?
A. Yes, sir. I fully understand it.
Q. Okay. And you understand that?
A. Yes, sir.
Q. All right. Do you still now want to give up these rights and a trial and plead guilty in your cases this morning? A. Yes.
Q. And that’s acknowledged by your initials at the end of Paragraph 5?
¶ 8, Having scrutinized the entire plea colloquy, we are satisfied that Hundley entered pleas which were made both voluntarily and knowingly. The trial judge discussed with Hundley (1) the waiver of his constitutional rights, (2) the sentences available for these charges, and (3) the performance of his attorney. Having been presented this information, the record is subject to no interpretation other than Hundley entered a guilty plea knowingly and voluntarily. This applies to both motions for post-conviction relief.

III. Sanctions

¶ 9. Hundley has also challenged the trial court’s dismissal of his second motion for post-conviction relief as frivolous, and the imposition of sanctions pursuant to section 47-5-138 of the Mississippi Code Annotated (Rev.2000).[1] Section 99-39-9(2) *1229 of the Mississippi Code mandates that each request the post-conviction relief be presented in a separate petition. Hundley entered pleas of guilty in cause numbers 8747 and 8761. These pleas were taken in a single plea hearing. However, Hundley was required to, and did, file a separate motion to attack each plea. The State has acknowledged that the trial court erred in its imposition of sanctions against Hund-ley.
¶ 10. We reverse and render the circuit court’s order mandating a forfeiture of sixty days of accrued earned time and hereby order that such time be re-credited to Hundley.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.

. Section 99-39-9(2) of the Mississippi Code Annotated (Rev.2000) provides: “A motion shall be limited to the assertion of a claim for relief against one (1) judgment only. If a prisoner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions.”