ISHEE, J.,
for the Court.
¶ 1. On October 25, 2006, Roderick Reed was convicted in the Circuit Court of Tuni-ca County of the sexual battery of a seven-year-old minor child and sentenced to twenty-five years in the custody of the Mississippi Department of Corrections. Aggrieved, he now appeals, asserting that:
(1) the circuit court erred in failing to sustain his motion for a directed verdict;
(2) the circuit court erred in failing to give a peremptory jury instruction; (3) the circuit court erred in denying his motion for a judgment notwithstanding the verdict or, in the alternative, his motion for a new trial; and (4) the verdict in this case is against the great weight of the evidence.
¶ 2. Finding no error, we affirm the judgment of the circuit court.
FACTS
¶ 3. The victim in this case is a seven-year-old minor child. In February 2005, Andrea Thornton, a social worker with the Mississippi Department of Human Services, received a report of physical neglect concerning the victim and her siblings. The report was investigated, and eventually the investigation yielded evidence which led the Department of Human Services to believe that the victim and her siblings may have been sexually abused. Consequently, the victim and her siblings were removed from their home and underwent a *1056 variety of tests. These tests showed that the victim’s hymen had been broken, and she was infected with gonorrhea. The victim was then examined by Elizabeth Thomas, a sexual assault nurse examiner. Thomas found abnormalities in the victim’s vagina and anus indicating penetration with a blunt object, consistent with penetration by a penis.
¶ 4. During a subsequent interview, the victim told Thornton she had been “hunched” by Reed and by one of her brothers several times during the previous year. When asked to demonstrate what the “hunching” involved, the victim indicated that Reed had lain on top of her and put his penis in her vagina, and at other times had approached her from behind while naked and placed his penis near her buttocks.
¶ 5. The Department of Human Services contacted Investigator David Rowsey with the Tunica County Sheriffs Department. The victim repeated her allegations against Reed in an interview with Rowsey, and the victim also alleged that another male family member, in addition to Reed and her brother, had “hunched” her. Based on his interview with the victim and other evidence, Rowsey arrested Reed. Reed was subsequently convicted of sexual battery and sentenced to twenty-five years in the custody of the Mississippi Department of Corrections. It is from this conviction that he now appeals.
DISCUSSION
¶ 6. In the statement of issues section of his brief, Reed presents four issues for review. These are: (1) the circuit court erred in failing to sustain his motion for a directed verdict; (2) the circuit court erred in failing to give a peremptory jury instruction; (3) the circuit court erred in denying his motion for a judgment notwithstanding the verdict or, in the alternative, his motion for a new trial; and (4) the verdict in this case is against the great weight of the evidence.
¶ 7. However, the argument section of Reed’s brief can be broken down into four different sections. These are: (1) the wrongful exclusion of testimony regarding “hunchings” by other male family members of the victim; (2) an argument that his right to call witnesses in his defense was somehow violated; (3) an argument that the victim was so confused in her testimony that this Court should find for Reed on all four of his original issues; and (4) an argument that Rowsey violated some standard of due diligence in fading to pursue other avenues of investigation before arresting and indicting Reed. Three of these “issues” are procedurally barred because Reed failed to list them in his original statement of issues. On the fourth consolidated “issue,” comprising the four original issues Reed listed for review, we find no error.
¶ 8. Mississippi Rule of Appellate Procedure 28(a)(3), concerning an appellant’s statement of issues, reads as follows:
A statement shall identify the issues presented for review. No separate assignment of errors shall be filed. Each issue presented for review shall be separately numbered in the statement. No issue not distinctly identified shall he argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified.
M.R.A.P. 28(a)(3) (emphasis added). Accordingly, because Reed failed to specifically identify his assignments of error on issues one, two, and four as listed in paragraph seven above, he is barred from attempting to address them in the substantive argument section of his brief. *1057 Therefore, we find that these issues are not properly before the Court.
¶ 9. This leaves before the Court the one paragraph of argument Reed delivers concerning his original four issues. On a very liberal reading, that paragraph consists of the sole proposition that because the victim in this case named more than one person as having sexually assaulted her, and because that information came out over the course of several different interviews, it was impossible as a matter of law for the jury to return a verdict of guilty. Therefore, Reed contends that the circuit court was in error when it denied his motion for a directed verdict, when it denied his request for a peremptory jury instruction, when it denied his motion for a judgment notwithstanding the verdict, and when it denied his request for a new trial. Reed cites no authority to support this proposition.
¶ 10. The denial of motions for a peremptory jury instruction, motions for a directed verdict and motions for a judgment notwithstanding the verdict all implicate the sufficiency of the evidence. Bell v. State, 910 So.2d 640, 646(¶ 16) (Miss Ct.App.2005) (citing Easter v. State, 878 So.2d 10, 21 (¶ 36) (Miss.2004)). Our standard of review on these matters is well settled. “We must, with respect to each element of the offense, consider all of the evidence — not just the evidence which supports the case for the prosecution — in the light most favorable to the verdict. The credible evidence which is consistent with guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence.” Taggart v. State, 957 So.2d 981, 986(¶8) (Miss.2007) (quoting Wetz v. State, 503 So.2d 803, 808 (Miss.1987)).
¶ 11. With respect-to a motion for a new trial,
this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.
Montana v. State, 822 So.2d 954, 967-68(¶ 61) (Miss.2002) (internal citation omitted).
¶ 12. In this case, the State presented credible testimony from the victim, a social worker for the Mississippi Department of Human Services, a nurse specializing in sexual assault examinations, and an investigator with the sheriffs department. The evidence presented by the State was legally sufficient to establish the requisite elements of sexual battery. See Miss.Code Ann. § 97-3-95 (Rev.2006) (listing the elements of sexual battery). Furthermore, based on the evidence presented at trial, we do not find that the jury’s verdict was against the overwhelming weight of the evidence. Therefore, we cannot say that the circuit court committed reversible error in failing to grant Reed’s motions for a directed verdict, a peremptory jury instruction, a judgment notwithstanding the verdict, or a new trial. Accordingly, we affirm the judgment of the circuit court.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1058 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.