989 So.2d 485 (2008)
Rush H. SOREY and Cheri Sorey, Appellants,
v.
Jerry CROSBY, Appellee.
No. 2007-CA-00950-COA.
Court of Appeals of Mississippi.
August 26, 2008.
*486 Jerry L. Bustin, Forest, Gar Nelson Schwippert, attorneys for appellants.
Jason Avery Mangum, Newton, attorney for appellee.
Before MYERS, P.J., IRVING and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. On May 3, 2007, the Newton County Circuit Court entered a judgment in favor of Jerry Crosby to evict Rush H. Sorey and his wife, Cheri Sorey, from certain land in Newton County. The land had been obtained by Crosby through a deed of trust and subsequent foreclosure of the property owned by the Soreys. Aggrieved, the Soreys now appeal.

FACTS
¶ 2. At some point in 2002, the Soreys and Crosby reached an agreement whereby Crosby loaned the Soreys approximately $400,000, as well as other money as needed. The money was intended to be used to purchase a rodeo business to be called Rush Rodeo. The debt was secured by a deed of trust for four hundred acres of homestead property owned by the Soreys, as well as a cabin on the Neshoba County fair grounds.[1]
¶ 3. The Soreys subsequently defaulted on the loan, and Crosby began foreclosure proceedings. Crosby purchased the subject property at the foreclosure sale and received a trustee's deed for the property. Crosby requested that the Soreys vacate the property, which they did not do. Crosby then filed a complaint in the Newton County Justice Court to remove the Soreys from the premises. Crosby prevailed in justice court, and the Soreys appealed to the Newton County Circuit Court.
¶ 4. After a trial in the circuit court, the Soreys were again ordered to vacate the premises. They now appeal that judgment and allege three perceived errors for our review: (1) the circuit court erred by not granting the Soreys a trial de novo in their appeal from justice court; (2) the circuit court erred by entering judgment tantamount to a default judgment against the Soreys; (3) the circuit judge erred by failing to recuse himself from the case.
¶ 5. We find no error with the circuit court proceedings and affirm the circuit court's judgment.

DISCUSSION

I. Whether the circuit court erred by not granting the Soreys a trial de novo.
¶ 6. The Soreys first claim that on appeal from justice court, the circuit court failed to conduct a trial de novo. The Soreys were entitled to a trial de novo on *487 appeal from justice court. Rule 12.02(C) of the Uniform Rules of Circuit and County Court addresses appeals from justice or municipal court and states that appeals from justice or municipal court shall receive a trial de novo. Our supreme court has held that:
[O]n appeal from a justice of the peace to the circuit court, the case shall be tried anew, in a summary way, without pleadings in writing. When a cause is removed to the circuit court on appeal from a justice of the peace court, the jurisdiction acquired by the circuit court is not in any proper sense appellate. The circuit court, in such cases, has no authority to merely review and affirm or reverse the judgment of the justice of the peace, but the case must be tried anew as if it were originally instituted in the circuit court, with the single exception that written pleadings are not required. And the jurisdiction to consider such cases de novo on appeal, and decide them according to the law and the evidence, independent of the rulings and judgment of the lower court, is original and not appellate.
Lucedale Commercial Co. v. Strength, 163 Miss. 346, 353, 141 So. 769, 769 (1932).
¶ 7. The Soreys contend that because they were not allowed to make arguments regarding the events leading up to the foreclosure and a possible partnership between the Soreys and Crosby, they were denied a trial de novo. However, the record is clear that the only matter before the circuit court was the complaint to remove the Soreys from the property. The Soreys were prevented from developing facts related to a separate cause of action between the Soreys and Crosby. At trial, Crosby presented a properly executed and recorded trustee's deed for the property. Any dispute as to the facts that led to Crosby obtaining the deed of trust and subsequent foreclosure was not properly brought before the circuit court and is, therefore, not properly before this Court.
¶ 8. We find that the Soreys were provided a trial de novo. Both parties called witnesses, and the circuit judge listened to arguments from both parties. Therefore, this issue is without merit.

II. Whether the circuit court erred by entering a judgment tantamount to a default judgment.
¶ 9. The Soreys' second assignment of error alleges that the circuit judge entered a judgment that amounted to a default judgment, and the judge based his opinion on the appeal from justice court alone. The Soreys make several arguments within this assignment of error, referring to proceedings in other courts related to the same issues. The Soreys do not, however, cite any authority for any of these arguments. Rule 28(a)(6) of the Mississippi Rules of Appellate Procedure provides that an argument advanced on appeal "shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." This Court has held that the "[f]ailure to comply with M.R.A.P. 28(a)(6) renders an argument procedurally barred." Birrages v. Ill. Cent. R.R., 950 So.2d 188, 194(¶ 14) (Miss.Ct.App.2006) (citations omitted). Consequently, this issue is procedurally barred.

III. Whether the circuit judge erred by not recusing himself from hearing the case.
¶ 10. Lastly, the Soreys argue that the circuit judge should have recused himself from hearing the case, arguing that he had pre-conceived opinions regarding the cause of action. Our standard of review for recusal is as follows:

*488 When a judge is not disqualified under the constitutional or statutory provisions, the propriety of his or her sitting is a question to be decided by the judge and is subject to review only in case of manifest abuse of discretion. . . . Under the appropriate standard, the judge is presumed qualified and unbiased. This presumption may only be overcome by evidence showing beyond a reasonable doubt that the judge was biased or not qualified. If a reasonable person, knowing all the circumstances, would doubt the judge's impartiality, the judge is required to recuse him or herself from the case.
Collins v. Joshi, 611 So.2d 898, 901 (Miss. 1992) (internal citations and quotations omitted).
¶ 11. The Soreys claim that the circuit judge had already formed an opinion as to the merits of the case before him before the parties presented any evidence. They also argue that there was tension between their counsel and the circuit judge. The Soreys argue that near the end of the hearing, the circuit judge commented to Jerry Bustin, the Soreys' counsel, "the only case I lost in Scott County as a district attorney, this guy [Bustin] beat me in a burglary case." That comment was followed by the circuit judge commenting, "I'm tired of listening to you, Bustin." However, those comments were preceded only moments before by the circuit judge saying, "Jerry, you and I have been friends a long time. . . . We practiced before a chancery judge. Do you remember that? Or at least we tried to practice. . . . Yeah, you beat me one time." Nothing in the circuit judge's comments leads this Court to doubt the circuit judge's impartiality.
¶ 12. Because judges are presumed to be qualified and unbiased, and because the Soreys have not presented evidence that the circuit judge abused his discretion in not recusing himself, we find this issue to be without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] The deed of trust was not made a part of the record. The four-hundred-acre homestead property is the subject of the ejectment action which the Soreys appeal.