ISHEE, J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On January 13, 1974, Stephen J. Bellino and Margaret Bellino were lawfully *424 wed in Louisiana, and on May 2, 2006, the couple was lawfully divorced in Forrest County, Mississippi. During the marriage, Stephen inherited approximately $200,000 from his deceased parents. A portion of this inheritance was used to open a joint-tenancy-mutual fund account with A.G. Edwards (AGE). This AGE mutual fund account was created on May 22, 1995, and Stephen and Margaret executed a joint account agreement (Agreement), which declared the account to be owned as joint tenants with right of survivorship.
¶2. Because the final judgment of divorce failed to sufficiently address the AGE joint investment account, AGE notified Stephen (through his counsel) that they would not permit withdrawals from the account unless the final divorce judgment or decree of divorce allowed him to do so. Upon receiving this notice, Stephen, on May 15, 2006, filed a motion to alter or amend judgment; however, because this motion was filed more than ten days after the entry of judgment for divorce, the motion was time-barred.
¶ 3. On June 18, 2006, prior to any resolution of the alleged substantive errors in the judgment of divorce, Stephen died and was survived by Margaret. On July 5, 2006, the Estate of Stephen J. Bellino (Estate) was opened, and Stephen J. Bellino II (Bellino II) was appointed administrator of the Estate, and Brandon Brooks served as the attorney.
¶ 4. On November 20, 2006, Brooks appeared ex parte before Forrest County Chancery Court Judge James Thomas. This hearing was not made known to, or consented to, by Margaret or her attorneys. At this hearing, Brooks improperly obtained an order dispersing funds that was never filed with the Forrest County Chancery Clerk in either the Estate or in the divorce proceedings. Despite these defects, AGE acknowledged the order dispersing funds and, at the request of Brooks, closed the AGE mutual-fund joint account and delivered the proceeds in the amount of $140,370.35 to Brooks, who deposited the funds into the Estate.
¶ 5. On April 13, 2009, the Forrest County Chancery Court found that the funds represented in the divorce decree as the “Wal-Mart Stock” with a value of $140,000 should have been represented as the AGE funds. A Mississippi Rule of Civil Procedure 60(a) motion filed by Bellino II was granted to correct the judgment at the time of the divorce. The chancellor proceeded to award present ownership of these funds to Margaret by granting her motion for summary judgment as to the vesting of the AGE funds following the death of Stephen. It is from this adverse ruling that Bellino II now appeals. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 6. “This Court employs a de novo standard of review of a trial court’s grant of summary judgment.” Owens v. Thomae, 904 So.2d 207, 208 (¶ 7) (Miss.Ct.App.2005). Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). “The burden of demonstrating that there is no genuine issue of material fact falls on the party requesting the summary judgment.” Mozingo v. Scharf, 828 So.2d 1246, 1249 (¶ 5) (Miss.2002). “If any genuine triable issues of fact exist, the trial court’s grant of summary judgment will be reversed; otherwise, the decision will be affirmed.” Id. at 1249-50 (¶ 5).
DISCUSSION
¶ 7. We first note that, despite repeated requests from the clerk of this Court, it appears that the appellant has failed to *425 provide this Court with a statement of the issues. In the past, we have held that, under Mississippi Rule of Appellate Procedure 28(a)(3), issues not listed in a statement of issues are procedurally barred from presentation, and those who fail in this regard are barred from addressing the issues in the substantive argument section of the brief. Reed v. State, 987 So.2d 1054, 1056 (¶ 8) (Miss.Ct.App.2008).
¶ 8. In addition, we find that the appellant has been somewhat disingenuous in the presentation of the facts of the case by failing to sufficiently provide citations to the authorities and the record in compliance with Mississippi Rule of Appellate Procedure 28(a)(6).[1] We have previously held that a failure to comply with this rule will render an argument procedurally barred. Sorey v. Crosby, 989 So.2d 485, 487 (¶ 9) (Miss.Ct.App.2008). Nonetheless, despite these procedural bars, we will address the arguments put forth by the appellant.

I. AGE Account

¶ 9. We find that there is no genuine triable issue of fact with regard to the ownership of the AGE account at the time of Stephen’s death; therefore, the granting of summary judgment was appropriate. Ownership of the funds is determined by the language in the Agreement signed by both Stephen and Margaret on May 22, 1995. The Agreement clearly states: “unless specified to the contrary below, this joint account will be carried as joint tenants with rights of survivorship and not as tenants in common.” If Stephen had intended to dissolve Margaret’s contractual interest in the AGE account, the law required that he take the appropriate affirmative actions to effectuate such a change. Therefore, because the agreement was never modified, it is clear that Margaret, at the moment of Stephen’s death, became the sole owner of the account by operation of law.

II. Judicial Estoppel

¶ 10. Under Mississippi law, judicial estoppel precludes a party from asserting a position, benefitting from that position, and then taking a contrary stand later in the same litigation. Dockins v. Allred, 849 So.2d 151, 155 (¶ 7) (Miss.2003). However, when the first position asserted was taken as result of mistake, judicial estoppel should not be invoked. Mauck v. Columbus Hotel Co., 741 So.2d 259, 265 (¶ 15) (Miss.1999) (citing Thomas v. Bailey, 375 So.2d 1049, 1053 (Miss.1979)).
¶ 11. Although it is true that Margaret’s initial motion to amend declared the AGE account as a tenants-in-common account, this was a clear mistake of fact. Once Margaret obtained a copy of the Agreement and learned the true nature of the account, she promptly and voluntarily dismissed her motion, stating that it was, indeed, based upon a mistake of fact. Because Margaret’s first position with regard to the nature of the Agreement was based upon a mistake of fact, and because she never benefitted from this position, it would be improper to invoke the doctrine of judicial estoppel.
¶ 12. Furthermore, the Agreement was never modified by Stephen, and the language in the Agreement is controlling. Even if Margaret had erroneously claimed the nature of the Agreement was a tenan *426 cy in common, it would not have changed the fact that the Agreement was, in fact, a joint tenancy with rights of survivorship. Again, at the time of his death, the AGE funds owned by Stephen automatically vested in Margaret. Accordingly, the judgment of the chancery court is affirmed.
¶ 13. THE JUDGMENT OF THE FORREST COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE OPINION.

. Mississippi Rule of Appellate Procedure 28(a)(6) states: ‘‘[T]he brief of the appellant shall contain under appropriate headings and in the order here indicated ... The argument shall contain the contentions of (the) appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.”