# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01419-COA

**DANIEL KEITH SINGLETON A/K/A DANIEL K. SINGLETON A/K/A DANIEL SINGLETON**                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/31/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANIEL KEITH SINGLETON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 10/04/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Daniel Keith Singleton pled guilty to the charge of possession of a weapon—a dirk knife—by a convicted felon and was sentenced to ten years in the custody of the Mississippi Department of Corrections (MDOC). Singleton filed a motion for post-conviction relief (PCR) in Rankin County Circuit Court. The circuit court dismissed his motion and Singleton appeals. His two basic arguments, stated a variety of ways, are that his knife was a "survival knife," not a dirk knife, and that the stop and search that led to his arrest violated the Fourth Amendment. Singleton's arguments are without merit, so we affirm.

**FACTS**

¶2. On November 22, 2013, Singleton was indicted on one count of possession of a weapon ("a dirk knife") by a convicted felon in violation of Mississippi Code Annotated section 97-37-5 (Rev. 2014).[1] On February 13, 2014, Singleton signed and filed a petition to plead guilty to the same charge, in which he stated that he wanted to plead guilty to possession of "a dirk knife." Singleton subsequently appeared in court and pled guilty. On the record, the prosecutor stated that the factual basis of the plea was that on or about September 29, 2013, Singleton, a convicted felon, "did unlawfully, knowingly, and feloniously possess a . . . [d]irk knife." In open court and under oath, Singleton expressly agreed to these facts. The court accepted Singleton's plea as knowing, intelligent, and voluntary; adjudicated him guilty; and sentenced him to ten years in MDOC custody, with two years to serve, and five years of post-release supervision.

¶3. On August 14, 2015, Singleton filed a PCR motion in which he raised several related claims for relief. The circuit court ordered that Singleton's plea hearing be transcribed and included in the record. After reviewing the transcript and file, the court summarily dismissed Singleton's motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2015). Singleton filed a timely notice of appeal from the circuit court's judgment.

**DISCUSSION**

¶4. On appeal, although Singleton specifies a number of issues and sub-issues, all of his claims derive from two basic arguments: that the search and the investigatory stop that led

---

[1] Singleton had a prior conviction for felony evasion.

to his arrest violated the Fourth Amendment and that the knife was really a "survival knife," not a dirk knife.[2]

¶5.     Singleton's first argument fails because it is well settled that "[a] valid guilty plea waives the defendant's right to make certain constitutional challenges, including those under the Fourth Amendment." *Burns v. State*, 984 So. 2d 1024, 1025 (¶7) (Miss. Ct. App. 2008). Accordingly, Singleton has waived any search-and-seizure claim under the Fourth Amendment. *Id.* at (¶8).

¶6.     Singleton's second argument fails because he pled guilty and expressly admitted under oath that he possessed a dirk knife. "[A] voluntary guilty plea waives the requirement that the prosecution prove each element of the offense." *Swift v. State*, 815 So. 2d 1230, 1233 (¶11) (Miss. Ct. App. 2001). Had Singleton insisted on a trial, the State would have been required to prove beyond a reasonable doubt that Singleton's knife was a dirk knife. *See generally Summerall v. State*, 41 So. 3d 729 (Miss. Ct. App. 2010). However, when Singleton pled guilty and admitted that he possessed a dirk knife, he waived the right to put the State to its proof. Accordingly, this issue is without merit.

¶7.     Singleton makes a related argument that his attorney misinformed him that his "survival knife" was a dirk knife, which allegedly constituted ineffective assistance of counsel and also rendered his plea invalid. Singleton also argues that his realization that his knife was not a dirk knife constitutes "evidence of material facts, not previously presented

---

[2] Section 97-37-5(1) makes it "unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm or any *bowie knife, dirk knife, butcher knife, switchblade knife*, metallic knuckles, blackjack, or any muffler or silencer for any firearm" (emphasis added).

and heard, that requires vacation of [his] conviction . . . in the interest of justice." Miss. Code Ann. § 99-39-5(1)(e) (Rev. 2015). These arguments are also without merit.

¶8. Singleton stated under oath at his plea hearing that he had no complaints about his lawyer and was satisfied with his advice and assistance. Singleton's present claim of ineffective assistance is based entirely on his own allegations. "A defendant's declarations during the plea colloquy that he was satisfied with the services of his lawyer are presumptively true. Solemn declarations in open court carry a strong presumption of verity." *Pierce v. State*, 115 So. 3d 869, 873 (¶12) (Miss. Ct. App. 2013) (internal quotation marks omitted). In addition, our Supreme Court has held that if the movant in a PCR proceeding "offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Lindsay v. State*, 720 So. 2d 182, 184 (¶6) (Miss. 1998) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)). Accordingly, Singleton's ineffective assistance claim is without merit.

¶9. The transcript of Singleton's plea hearing also clearly reflects that he was informed of the essential elements and nature of the charge against him, the various rights that he would waive by pleading guilty, and the applicable minimum and maximum sentences. Therefore, Singleton's claim that his plea was involuntary is also without merit. *See Smith v. State*, 636 So. 2d 1220, 1224-26 (Miss. 1994).

¶10. Finally, Singleton's "newly discovered evidence" claim also fails. Indeed, Singleton does not identify any "newly discovered evidence" but simply claims that the evidence that has always been the basis of the charge (his knife) does not support his conviction. In any

4

event, as this Court has explained,

> Newly discovered evidence is relevant only in situations where a defendant went to trial and was convicted. If, following the trial, a defendant discovers relevant and material evidence which could not have reasonably been discovered prior to trial, the defendant may seek to have his conviction set aside based on the newly discovered evidence. *When a defendant pleads guilty, he is admitting that he committed the offense. Therefore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence.*

*Townes v. State*, 88 So. 3d 812, 815 (¶6) (Miss. Ct. App. 2012) (quoting *Jenkins v. State*, 986 So. 2d 1031, 1034 (¶12) (Miss. Ct. App. 2008) (quoting *Jones v. State*, 915 So. 2d 511, 514 (¶10) (Miss. Ct. App. 2005))). Accordingly, Singleton's post hoc claim that his knife was not a dirk knife is not a basis for post-conviction relief.

¶11. For the foregoing reasons, the circuit court correctly denied Singleton's PCR motion, and we affirm.

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND GREENLEE, JJ., CONCUR.**