# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00423-COA

KENDRICK A. WATERS A/K/A KENDRICK
WATERS A/K/A KENDRICK ANTWAN
WATERS A/K/A CRIP

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/19/2018 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | KENDRICK A. WATERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/15/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Kendrick Waters pled guilty to second-degree murder.  He later filed a motion for post-conviction relief (PCR) attacking his plea, conviction, and sentence on numerous grounds.  The circuit court denied his motion as without merit.  We affirm.

## PROCEDURAL HISTORY

¶2.     In 2016, Waters was indicted for first-degree murder, accessory to murder after the fact, and possession of a firearm by a felon.  He later pled guilty to second-degree murder.  The remaining charges were nolle prosequied.  The circuit court sentenced Waters to thirty

years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and twenty years to serve. In 2018, Waters filed a PCR motion in the circuit court. The court denied the motion as without merit, and Waters appealed.

## ANALYSIS

¶3. On appeal from the denial of a PCR motion, we review findings of fact for clear error and review issues of law de novo. *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999). The circuit court may summarily dismiss a PCR motion without an evidentiary hearing if it is clear from the motion, exhibits, and prior proceedings that the movant is not entitled to relief. *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2015). The motion should be dismissed if it is apparent that the movant can prove no set of facts that would entitle him to relief. *Worth v. State*, 223 So. 3d 844, 849 (¶15) (Miss. Ct. App. 2017). The movant bears the burden of proving that he is entitled to relief. Miss. Code Ann. § 99-39-23(7) (Rev. 2015).

¶4. In the body of his appellate brief, Waters asserts fourteen claims. Most of these claims are procedurally barred: they are not adequately briefed, are not identified in Waters's statement of issues, and/or were not raised in the circuit court. *See, e.g.*, *Hill v. State*, 215 So. 3d 518, 524 (¶10) (Miss. Ct. App. 2017) ("Arguments that do not comply with [Mississippi Rule of Appellate Procedure] 28(a)(7) are procedurally barred." (quotation marks omitted)); *Reed v. State*, 987 So. 2d 1054, 1056 (¶8) (Miss. Ct. App. 2008) (declining to address claims not identified in the appellant's statement of issues); *Haney v. State*, 281 So. 3d 84, 90 (¶18) (Miss. Ct. App. 2019) (holding that claims not included in a PCR motion

2

and asserted for the first time on appeal are procedurally barred). In addition, many of Waters's claims are redundant. Procedural bars notwithstanding, we will address Waters's claims that are reasonably intelligible and not redundant. *See Hill*, 215 So. 3d at 524 (¶10).

¶5. Waters argues that there was no factual basis for his plea.[1] However, during Waters's plea hearing, the assistant district attorney stated that if the case went to trial,

> [the] State would offer testimony of codefendant Chandler Yeend, as well as other various witnesses, as well as officers from the Jasper County Sheriff's Department [and] Heidelberg Police Department, to show that in . . . the First Judicial District of Jasper County, on the 24th day of August, 2015, [Waters] did willfully, unlawfully, and feloniously and without the authority of law and with deliberate design . . . kill Anthony Bridges, a human being in violation of Section 97-3-19 (1)(a) of Mississippi Code as annotated.

Waters confirmed that the above facts were true and that he committed the crime. That is a sufficient factual basis for the plea. *See, e.g.*, *Turner v. State*, 864 So. 2d 288, 292 (¶17) (Miss. Ct. App. 2003) ("A factual basis for a guilty plea may be established in a number of ways, including by a statement of the prosecutor . . . .").

¶6. Waters argues that his plea was deficient because it addressed the elements of the indicted offense of first-degree murder rather second-degree murder. However, "[e]very [first-degree] murder is also a [second-degree] murder 'because, as a matter of common sense, every murder done with deliberate design to effect the death of another human being

---

[1] Waters's brief includes several different variations of this same basic argument. He also asserts "the evidence was insufficient to show [beyond] a reasonable doubt that [he] was guilty of second degree murder." However, "[a] guilty plea operates to waive the defendant's . . . right that the prosecution prove each element of the offense beyond a reasonable doubt." *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989).

is by definition done in the commission of an act imminently dangerous to others and evincing a depraved heart, regardless of human life.'" *Curtis v. State*, 298 So. 3d 446, 451 (¶13) (Miss. Ct. App. 2020) (quoting *Hawkins v. State*, 101 So. 3d 638, 642 (¶13) (Miss. 2012)).[2] By admitting that he killed the victim "with deliberate design," Waters admitted that he was guilty of second-degree murder.

¶7.     Waters also alleges that his attorney coerced him into pleading guilty, failed to investigate his case, and provided ineffective assistance. However, Waters offers nothing to support these claims, which are contradicted by his own sworn statements during his plea hearing. Waters stated under oath that his attorney had not "threatened [him] in any manner" or "promised [him] anything in order to get [him] to plead guilty." He also stated that he believed his attorney had properly represented and advised him and that he had no complaints about his attorney. Thus, this issue is without merit. *See, e.g.*, *McCray v. State*, 107 So. 3d 1042, 1046 (¶15) (Miss. Ct. App. 2012) (holding that unsupported claims of ineffective assistance that are overwhelmingly contradicted by prior sworn statements may be dismissed without an evidentiary hearing).

¶8.     Waters also argues that the judge did not comply with Rule 8.04(A) of the Uniform Rules of Circuit and County Court Practice when he accepted Waters's plea.[3] However, this

---

[2] "[T]he inverse is not true," i.e., not every second-degree murder is a first-degree murder. *Id.* (quoting *Hawkins*, 101 So. 3d at 642 (¶13)).

[3] Rule 8.04(A) was superseded by Rule 15.3 of the new Rules of Criminal Procedure effective July 1, 2017, after Waters pled guilty.

claim is also contradicted by the record. The judge complied with the requirements of Rule 8.04(A) and properly determined that Waters's plea was voluntarily and intelligently made. *See Dock v. State*, 802 So. 2d 1051, 1055-56 (¶9) (Miss. 2001); *Hundley v. State*, 803 So. 2d 1225, 1227-28 (¶¶5-8) (Miss. Ct. App. 2001).

¶9.     Waters also asserts that the circuit court imposed an illegal sentence by ordering him to serve his sentence day-for-day and without eligibility for early release, probation, or parole. However, the sentencing order only recited that Waters "*ha[d] been advised by the court and his attorney* that this sentence shall not be reduced or suspended," that he was not "eligible for early-release, probation or parole," and that his sentence would "be served day-for-day." (Emphasis added). By statute, Waters is ineligible for parole because he is serving a sentence for second-degree murder, a crime of violence. Miss. Code Ann. § 47-7-3(1)(g)(i) (Supp. 2019). Whether Waters is eligible for earned-time allowances is primarily a matter of MDOC policy. *See Sylvester v. State*, 171 So. 3d 529, 533 (¶9) (Miss. Ct. App. 2014); *see also Ulmer v. State*, 292 So. 3d 611, 612 (¶3) (Miss. Ct. App. 2020) (stating that an inmate serving a sentence for second-degree murder was ineligible for trusty earned time pursuant to MDOC policy).[4] Consequently, this language in Waters's sentencing order should not be interpreted as an order to MDOC or an independent restriction on Waters's eligibility for any

---

[4] During Waters's plea hearing, both the prosecutor and Waters's attorney advised the court and Waters that it was "up to MDOC" whether Waters would be required to serve a true "day-for-day" sentence. The prosecutor stated that it was his "understanding" that Waters would serve his sentence "day-for-day," but that was "up to MDOC." Waters's counsel agreed.

type of earned time allowance. Rather, the court was only making a record that Waters had been warned not to expect early release based on the court's understanding of MDOC's then-existing policies. It is mere "surplusage in the sentence" and is not binding on MDOC. *Gardner v. State*, 514 So. 2d 292, 294 (Miss. 1987).

¶10. Waters claims that his plea and conviction should be set aside based on "newly discovered evidence." *See* Miss. Code Ann. § 99-39-5(1)(e) (Rev. 2015). The evidence at issue consists of two short, handwritten notes. Waters alleges that his co-defendant, Chandler Yeend, wrote the notes. He further alleges that the notes show that Yeend, not Waters, committed the murder to which Waters pled guilty. However, the notes were not written to Waters, and he does not explain how he obtained them. More importantly, in order to obtain post-conviction relief based on newly discovered evidence, Waters must show, among other things, that he discovered the evidence after he pled guilty and "that it could not have been discovered before [his plea] by the exercise of due diligence." *Brewer v. State*, 819 So. 2d 1169, 1172 (¶10) (Miss. 2002) (quoting *Ormond v. State*, 599 So. 2d 951, 962 (Miss. 1992)). Waters cannot make such a showing because he admits that he was already in possession of the notes before he pled guilty. Indeed, prior to his guilty plea, Waters submitted the notes to the court as exhibits to a pro se motion to dismiss the indictment. Accordingly, Waters's newly-discovered-evidence claim fails as a matter of law.

¶11. Finally, Waters alleges Fourth Amendment violations in connection with his arrest and a search of his car. However, the defendant waives his right to assert Fourth Amendment

challenges by pleading guilty. *Singleton v. State*, 213 So. 3d 521, 523-24 (¶5) (Miss. Ct. App. 2016). Therefore, this issue is without merit. *Id.* Waters's remaining claims are redundant of the claims addressed above or lack sufficient supporting argument.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**