# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00970-COA

**JAMES HARDY**                                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/23/2023 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES HARDY (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/27/2024 |
| MOTION FOR REHEARING FILED: | |

### BEFORE BARNES, C.J., LAWRENCE AND McCARTY, JJ.

### BARNES, C.J., FOR THE COURT:

¶1. A Madison County grand jury indicted James Hardy for possession of a firearm by a felon on November 4, 2021. Because Hardy previously had been convicted of separate felony charges, for which he was sentenced to more than one year in custody, he was indicted as a non-violent habitual offender.[1]

¶2. Before entering a plea, Hardy's first court-appointed attorney was discharged as attorney of record on September 20, 2022 (presumably due to health issues). A plea hearing

---

[1] *See* Miss. Code Ann. § 99-19-81 (Rev. 2020). Hardy had four prior convictions: (1) identity theft in August 2008 (five-year sentence); (2) grand larceny in July 2008 (ten-year sentence); (3) burglary of a business in December 1995 (four-year sentence); and (4) burglary of a business in September 1993 (five-year sentence).

was held on October 3, 2022. Hardy, then represented by attorney Cody Gibson, accepted the State's plea negotiation to drop the habitual-offender enhancement and plead guilty to the charge. The Madison County Circuit Court accepted Hardy's guilty plea and sentenced him to serve ten years in the custody of the Mississippi Department of Corrections.

¶3. Hardy filed a motion for post-conviction relief on June 12, 2023, claiming that (1) his Sixth Amendment rights to counsel and to confront witnesses were violated; (2) he was not given an opportunity to challenge the evidence or bring a defense; (3) he was not provided effective assistance of counsel; (4) the search and seizure of the weapon violated the Fourth Amendment. The circuit court denied Hardy's PCR motion on August 23, 2023. We find no error and affirm the court's judgment.

## DISCUSSION

### I. Whether Hardy's plea was voluntarily given.

¶4. Hardy claims on appeal that "he was in fact not in his right mind at the time of arrest and at the hearing." He cites Rule 12.2(a) of the Mississippi Rules of Criminal Procedure, which addresses the trial court's duty to order a mental examination if the court "has reasonable grounds to believe that the defendant is mentally incompetent." We find this argument is waived because it was not raised in Hardy's PCR motion. "Issues not raised in [a] motion for post-conviction relief are procedurally barred on appeal." *Bland v. State*, 312 So. 3d 417, 419 (¶11) (Miss. Ct. App. 2021). Moreover, the trial court asked Hardy if he had "ever been treated for any mental illness or disorder," and Hardy replied, "No." Hardy also

2

informed the trial court that he was not under the influence of drugs or alcohol and that he had read and understood the plea petition.

¶5. Hardy further contends, "The threats of the mandatory ten-year sentence forced [him] out of sheer terror to take a guilty plea in a crime he did not commit." As the trial court notes in its judgment, Hardy "provides nothing to support his argument other than his own allegations in his motion." "Mere allegations in the pleadings themselves, otherwise unsupported, are not sufficient to require a hearing." *Berry v. State*, 230 So. 3d 360, 362 (¶5) (Miss. Ct. App. 2017). In addition, the court expressly asked Hardy if "any threats had been made against [him] or . . . any use of force or intimidation . . . might have caused [Hardy]" to enter his guilty plea. Hardy said, "No." Hardy also told the court that he was freely and voluntarily admitting his guilt. We therefore find no merit to this argument.

## II. Whether Hardy's rights under the Fourth or Sixth Amendment were violated.

¶6. Hardy argues that his rights under the Fourth and Sixth Amendments were violated.[2] The underlying facts of this case, as Hardy alleges, are that he and a friend met Hardy's wife at a Walmart store.[3] After Hardy accused his wife of hacking his phone and committing identity theft, the police were called, and Hardy's wife left the store. When the police

---

[2] *See* U.S. Const. amend. IV, VI.

[3] Other than Hardy's PCR motion and accompanying statements, no underlying facts regarding the police's recovery of the firearm are noted in the court's record. Hardy's indictment merely states that he "unlawfully, knowingly, and feloniously possess[ed] a firearm" on August 24, 2021.

arrived, they talked with Hardy and followed him outside. Hardy claims that he then walked over to his wife's truck in the store's parking lot, and the police searched the truck without Hardy's consent and found the gun.[4] Thus, Hardy asserts that the firearm was a result of an illegal search and seizure.

¶7. However, this Court has held that "a valid guilty plea waives the defendant's right to make certain constitutional challenges, including those under the Fourth Amendment." *Hollon v. State*, 385 So. 3d 482, 487-88 (¶28) (Miss. Ct. App. 2024) (quoting *Singleton v. State*, 213 So. 3d 521, 523-24 (¶5) (Miss. Ct. App. 2016)). By voluntarily entering his guilty plea, Hardy waived his claim regarding the alleged illegal search under the Fourth Amendment.

¶8. Likewise, we find Hardy's guilty plea waives his argument that he was not allowed to confront witnesses against him or to call his witnesses to support his case, which he asserts is a violation of his rights under the Sixth Amendment. "It is well-settled that a knowing and voluntary guilty plea waives certain constitutional rights, among them the privilege against self-incrimination [and] the right to confront and cross-examine the State's witnesses[.]" *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011) (citing *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989)). Furthermore, at the plea hearing, the court properly informed

---

[4] As to Hardy's comments that it was his wife's truck and her gun, the State presumes that Hardy is attempting to make a sufficiency-of-the-evidence argument. By entering a valid guilty plea, Hardy has waived this argument. *See Jarvis v. State*, 360 So. 3d 275, 280 (¶14) (Miss. Ct. App. 2022) (holding that "our caselaw recognizes that a valid guilty plea waives the right to challenge the sufficiency of the State's evidence").

4

Hardy that if he went to trial, he "would have the right to confront and cross-examine witnesses who would testify against [him] and the right to subpoena witnesses to testify on [Hardy's] behalf." Hardy said he understood those rights. *See Williams v. State*, 228 So. 3d 844, 848 (¶9) (Miss. Ct. App. 2017) (recognizing that the trial court must inform the defendant "that a guilty plea involves a waiver of the right to confront adverse witnesses").

¶9. Additionally, Hardy contends that he was deprived of his Sixth Amendment right to counsel because he was never "given a meaningful client-attorney relationship." The record contains statements from friends and family members who allege Hardy's prior attorney failed to meet with him to discuss the case. However, these statements are not notarized or acknowledged. The Mississippi Supreme Court has determined that "unsworn statements," which have not been "notarized as made before any official," are "insufficient evidence" to support a movant's allegations in his PCR motion. *Wilcher v. State*, 863 So. 2d 719, 744 (¶¶78, 80) (Miss. 2003).[5]

¶10. Furthermore, Hardy told the trial court that he had discussed the case with his attorney, and Hardy expressed no displeasure with his appointed counsel's representation at the plea hearing.

> Q.     Have you had an opportunity to discuss with your attorney, Mr. Cody Gibson, all facts and circumstances relating to the crime you're pleading guilty to?

---

[5] Although Hardy later submitted his sister's notarized affidavit as an addendum to his appellant's brief, "[o]ur consideration of a case on appeal is limited to the record." *Sherrod v. State*, 784 So. 2d 256, 259 (¶7) (Miss. Ct. App. 2001).

A. Yes, sir.

Q. Did you tell Mr. Gibson all facts that you believe might be necessary for your defense?

A. Yes.

Q. Did your discussions with Mr. Gibson include the elements of the crime?

A. Yes.

. . . .

Q. Are you satisfied with your attorney's representation of you?

A. Yes.

Q. Do you have any complaints you wish to make about your attorney?

A. No.

Accordingly, we find no merit to Hardy's argument. We affirm the trial court's denial of Hardy's PCR motion.

¶11. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**