# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01147-COA

JOSEPH MOORE A/K/A JOSEPH R. MOORE                         APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

DATE OF JUDGMENT:              09/28/2023
TRIAL JUDGE:                   HON. JOHN R. WHITE
COURT FROM WHICH APPEALED:     PRENTISS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JOSEPH MOORE (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 12/17/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., SMITH AND EMFINGER, JJ.**

**SMITH, J., FOR THE COURT:**

¶1. Joseph Moore appeals from the Prentiss County Circuit Court's order denying his motion for post-conviction collateral relief (PCR). On appeal, Moore asserts that his guilty plea was involuntarily entered and that he received ineffective assistance of counsel. Finding no error, we affirm the circuit court's order denying relief.

## FACTS AND PROCEDURAL HISTORY

¶2. A Prentiss County grand jury indicted Moore, a habitual offender, for multiple crimes including tampering with evidence, possession of a weapon by a felon, possession of a controlled substance, and grand larceny. On June 2, 2022, during Moore's guilty plea hearing, the circuit judge ensured that Moore fully understood the constitutional rights he

would waive by pleading guilty and that no one had threatened him or offered any inducement to persuade him to plead guilty. After the State confirmed on the record the minimum and maximum sentences he faced and a factual basis for both charges, Moore pled guilty to tampering with evidence and felon in possession of a weapon as a habitual offender. After accepting Moore's guilty plea, the court sentenced him as a habitual offender to serve five years for tampering with evidence and ten years for the possession of a weapon by a felon set to run consecutively to each other in the custody of the Mississippi Department of Corrections. The circuit court also reserved the right to exercise judicial review for one year from the date of sentencing.

¶3. On November 9, 2022, Moore filed a pro se motion requesting that the circuit court exercise judicial review and enter an order reducing his sentence. The motion was subsequently denied. On June 12, 2023, Moore filed his PCR motion. In his motion, he asserted that he received ineffective assistance of counsel because his trial attorney allegedly misinformed him as to the sentence he faced if convicted. He further alleged that this ineffectiveness caused his plea to have been entered into involuntarily. In support of his claim of ineffective assistance of counsel, he submitted an affidavit from his mother, Peggy Moore. The circuit court found that all asserted grounds for relief were without merit and denied Moore's PCR motion. Aggrieved, Moore appeals.

**STANDARD OF REVIEW**

¶4. "When reviewing a trial court's denial or dismissal of a PCR [motion], we will only

disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Gilmore v. State*, 379 So. 3d 945, 946 (¶4) (Miss. Ct. App. 2024) (quoting *Cuevas v. State*, 304 So. 3d 1163, 1167 (¶19) (Miss. Ct. App. 2020)).

## DISCUSSION

¶5. Moore's allegations are interwoven in that he claims he received ineffective assistance of counsel, causing him to enter his plea involuntarily. Specifically he contends that his trial attorney erroneously advised or deliberately misled him to believe that he faced up to forty-five years if convicted, and in reliance of this information, he pled guilty.

### I. Voluntariness of the Guilty Plea

¶6. A valid guilty plea must be entered "voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Worth v. State*, 223 So. 3d 844, 850 (¶19) (Miss. Ct. App. 2017). "A defendant's guilty plea may be deemed involuntary if the evidence shows that the defendant was misinformed regarding the applicable minimum or maximum sentence and that the misinformation was never corrected by the defendant's attorney or during [the] plea colloquy." *Wright v. State*, 270 So. 3d 1145, 1147 (¶9) (Miss. Ct. App. 2018) (quoting *Bolton v. State*, 243 So. 3d 796, 801 (¶24) (Miss. Ct. App. 2018)). Moore asserts that he did not know that his charges carried only ten years each until he began researching while in the custody of the Mississippi Department of Corrections. As previously noted, he supported his PCR claims with an affidavit from his

3

mother regarding the representations allegedly made by his attorney prior to the guilty plea. In such cases "when the movant attaches an affidavit of another who supports the allegation, the trial court may be required to conduct an evidentiary hearing. This Court has held that 'an attack on a facially correct plea may survive summary dismissal if supporting affidavits of other persons are attached.'" *King v. State*, 362 So. 3d 58, 61 (¶7) (Miss. Ct. App. 2022) (quoting *Sylvester v. State*, 113 So. 3d 618, 621 (¶10) (Miss. Ct. App. 2013)). But we have also held:

> A trial court enjoys wide discretion in determining whether to grant an evidentiary hearing. In accordance with Mississippi Code Annotated section 99-39-11(2) (Rev. 2015), a circuit court may summarily dismiss a PCR motion without an evidentiary hearing if it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief. A post-conviction claim for relief is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit.

*Smith v. State*, 354 So. 3d 396, 404-05 (¶30) (Miss. Ct. App. 2023) (citations and internal quotation marks omitted).

¶7.    A review of the transcript from the guilty plea and sentencing proceedings reveals that Moore was advised by the court and acknowledged under oath that he knew and understood the nature and consequences of the plea. He was clearly advised on the record of the correct maximum and minimum sentences for each charge. We have repeatedly held that "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, . . . a transcript or written statements of the affiant to the contrary[,] to the extent that the court can conclude that the affidavit is a sham, no hearing is required." *Id*. (quoting

4

*McCray v. State*, 107 So. 3d 1042, 1046 (¶15) (Miss. Ct. App. 2012)). Thus, as it pertains to the voluntariness of Moore's decision to plead guilty, we find no error in denying his request for relief without an evidentiary hearing.

### II.     Ineffective Assistance of Counsel

¶8.     To prove ineffective assistance of counsel Moore must show that (1) his "defense counsel's performance was deficient, and (2) the deficient performance prejudiced the defense of his case." *Lomas v. State*, 328 So. 3d 670, 691 (¶63) (Miss. Ct. App. 2021) (quoting *Havard v. State*, 988 So. 2d 322, 328 (¶63) (Miss. 2006)). Moore's supporting affidavit from his mother stated that Moore's trial attorney informed her and her husband that Moore could receive forty-five years or life in prison if convicted. For context, we note that the record shows that before Moore's guilty plea, he had three pending indictments, and as part of his plea, the State agreed to retire or dismiss two charges that carried up to forty-five years in prison. Therefore, as the trial court correctly points out, the record reflects a "potential misunderstanding or misremembrance, not a constitutional violation against involuntariness in guilty pleas or effective representation."

¶9.     As discussed, the plea hearing transcript of Moore's sworn testimony directly contradicts his assertion on appeal as to the number of years he faced on the charges to which he pled guilty. At all relevant times during his plea, Moore expressed his clear understanding of the penalties. Moore acknowledged under oath that he understood the charges, was not forced or pressured to enter a plea of guilty, was satisfied with his attorney's legal services

5

and advice, and was properly advised and represented by his counsel. This Court has held that "solemn declarations in open court carry a strong presumption of verity." *Reardon v. State*, 341 So. 3d 1004, 1009 (¶14) (Miss. Ct. App. 2022) (citing *Singleton v. State*, 213 So. 3d 521, 524 (¶8) (Miss. Ct. App. 2016)). Consequently, we find no error in the circuit court's ruling that Moore's ineffective assistance of counsel claim is without merit.

## CONCLUSION

¶10.　Finding no error, we affirm the circuit court's order denying Moore's PCR motion.

¶11.　**AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. WEDDLE, J., NOT PARTICIPATING.**