GRIFFIS, J.,
for the Court.
¶ 1. Franklin Lamar Sykes pled guilty to seven separate counts of commercial burglary and grand larceny, in two separate cases. First, in ease no. 2072-CR2, Sykes was sentenced to serve five years on count I of commercial burglary, five years each on counts II and III to run concurrent to count I, and five years on count V of grand larceny also to run concurrently. Second, in case no. 3182-CR1, Sykes was sentenced to serve five years on count I of grand larceny, and five years each on counts II and III of commercial burglary to run concurrent with count I. The sentence imposed in case no. 3182-CR1 was to run consecutive to the previously imposed sentence in case no. 2072-CR2.
¶ 2. Sykes filed a pro se motion for post-conviction relief, which was denied by the trial court. On appeal, Sykes asserts that his attorney misled him about the sentence which he would receive for pleading guilty. In essence, he argues that he was denied effective assistance of counsel. We find no error and affirm.
*121 STANDARD OF REVIEW
¶ 3. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002).
ANALYSIS
¶ 4. The standard applied to claims of ineffective assistance of counsel was first articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by the United States Supreme Court. To prove ineffective assistance of counsel, Sykes must demonstrate that his counsel’s performance was deficient and that this deficiency prejudiced Sykes’ defense. Id. at 687, 104 S.Ct. 2052. The burden of proof rests with Sykes, and we will measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Carney v. State, 525 So.2d 776, 780 (Miss.1988); Read v. State, 430 So.2d 832, 839 (Miss.1983). However, a presumption exists that the attorney’s conduct was adequate. Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001); Stringer v. State, 454 So.2d 468, 477 (Miss.1984).
¶ 5. Sykes contends that he received ineffective assistance of counsel since he had difficulty understanding his attorney and the information about his guilty plea. This contention is the sole ground for his argument.
¶ 6. We find no merit to Sykes’ argument. Sykes entered a guilty plea. Sykes signed the guilty plea petition as evidenced by the record. The trial court thoroughly questioned Sykes about his ability to comprehend the information. The transcript of his guilty plea reads:
THE COURT: And when he (Sykes’ attorney) read these documents to you, did you understand them?
SYKES: Yes, sir.
THE COURT: Was there anything in them that you did not understand?
SYKES: No, sir;
Sykes testified under oath that he understood the district attorney’s sentencing recommendation. “The record clearly belies every allegation [Sykes] makes in his appeal.” Ford v. State, 708 So.2d 73, 76-77 (Miss.1998).
¶ 7. Also, it is clear that Sykes expressed his satisfaction with his attorney’s performance. The trial court questioned Sykes about this before he accepted the guilty plea.
THE COURT: Have you had an opportunity to go over the nature of the cases against you with your attorney, Mr. Baum?
SYKES: Yes, sir.
THE COURT: Has he advised you of the elements of the crime of grand larceny and the elements of the crime of commercial burglary; that is, the facts the State would have to prove in each of these cases before you could be found guilty?
SYKES: Yes, sir.
THE COURT: Has he also discussed with you any possible defenses you might have to these charges?
SYKES: Yes, sir.
THE COURT: Are you completely and totally satisfied in all respects with the representation that you have received from Mr. Baum?
SYKES: Yes, sir.
(emphasis added).
¶ 8. After reviewing the record, it is clear that Sykes failed to object to counsel’s representation when given the oppor *122 tunity insisting instead that he was aware of the changes and was satisfied with his attorney. The plea agreement that Sykes signed specifically addressed the adequacy of his counsel, and Sykes offered no complaint.
¶ 9. Sykes must assert some critical evidence that would have been discovered had it not been for counsel’s alleged deficiencies. Ivy v. State, 589 So.2d 1263, 1265 (Miss.1991). Sykes makes no such allegation establishing his arguments as credible. Upon review, we find the trial court was correct in ruling that Sykes did not meet his burden of proof. Thus, we find no error.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF CARROLL COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CARROLL COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.