¶ 1. Larod Gross pled guilty to the crimes of armed robbery and aggravated *Page 439 
assault in 2003. In 2005 he filed for post-conviction relief, alleging that his plea was not voluntarily and knowingly entered. We agree with the trial court that there is no evidence of that defect. We affirm.
 FACTS ¶ 2. Gross admitted to entering a grocery store in Panola County, Mississippi, armed with a shotgun. Gross admitted that while he was in the store, he robbed a clerk and one patron. Gross admitted to shooting off the hand of a second patron in the store. Gross pled guilty to two counts of armed robbery, for which he was sentenced to eight years for each count, and to aggravated assault, for which he was sentenced to twenty years. All sentences were to run consecutively. At the time of entering his plea, Gross was nineteen years of age.
 DISCUSSION ¶ 3. Gross argues that his plea was not voluntarily and knowingly entered because he is unable to read. Gross claims that he did not understand his plea even though his attorney read the plea to him. In support of his argument, Gross cites one case that has no relevance to his situation. Irving v.Breazeale, 400 F.2d 231 (5th Cir. 1968) (affirming the denial of motion for writ of habeas corpus which asserted constitutional violations regarding a confession to murder). Gross attaches to his petition various grade school assessments indicating that he had substantially deficient academic skills. Gross reasons that he should have another day in court due to being on drugs while the crime was committed and due to his low intelligence level.
 ¶ 4. A trial court may summarily dismiss a post-conviction relief motion if "it plainly appears from the face of the motion, any annexed exhibits and the proper proceedings in the case that the movant is not entitled to any relief. . . ." Miss. Code Ann. § 99-39-11(2) (Supp. 2005). That is what the trial court in this instance determined it should do.
 ¶ 5. The standard of competency to enter a plea of guilty is the same as the competency to stand trial. Magee v.State, 752 So.2d 1100, 1102 (Miss.Ct.App. 1999) (citingGodinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)). That standard requires a "rational understanding of the charges against him and the ability to assist his lawyer in preparing his defense." Id.
at 1102.
 ¶ 6. Gross represented to the court both in his petition and at the hearing that he could read and write. The trial judge conducted a hearing in which Gross was explained his constitutional rights, the crimes for which he was entering a plea of guilty, and the maximum and minimum punishment he could receive for each crime. Gross communicated to the judge that he understood everything that was explained to him and that he wanted to enter a plea of guilty to charges against him. The judge was aware that Gross was on drugs when the crime was committed. Even though Gross claims to have lied to the judge in stating that he was able to read and understand the plea petition, he admits in his argument that his attorney explained the petition to him. The prosecutor recited the events for which Gross was being charged, and Gross told the judge that he did not disagree with anything that was said.
 ¶ 7. The sworn answers Gross gave during the plea hearing demonstrate that he understood the charges against him, his constitutional rights, and the punishment he could receive for the crimes he committed. Gross voluntarily and knowingly entered his guilty plea. The trial court committed *Page 440 
no error in dismissing the motion for post-conviction relief.
 ¶ 8. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURTDISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED.ALL COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.