FAIR, J.,
for the Court:
¶ 1. Oliver McCray was charged in the Circuit Court of Wilkinson County as an habitual offender with murder, robbery, and possession of a firearm by a convicted felon. The State offered McCray an “open” plea agreement where he would plead guilty in exchange for reduced charges (manslaughter and robbery as an habitual offender) but without a sentencing recommendation from the State. The circuit court accepted McCray’s plea on April 4, 2008, and after a hearing he was sentenced to serve fifteen and twenty years on the charges, respectively. The sentences were ordered to be served consecutively to each other and to a third sentence McCray was serving for a different crime.
¶2. McCray filed a timely motion for post-conviction relief where he claimed ineffective assistance of counsel and contended his indictment was defective. The circuit court dismissed the motion without an evidentiary hearing, and McCray appeals.
STANDARD OF REVIEW
¶ 3. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2011). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶4. “When reviewing a lower court’s decision to deny a petition for post conviction relief [an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
1. Indictment
¶ 5. McCray contends that his indictment was defective because it was not signed by either the foreman of the grand jury or the circuit clerk. McCray attached a copy of his indictment, signed by the district attorney only, to his brief on appeal.
¶ 6. We find that this argument is proeedurally barred on appeal. In his original PCR motion filed in the circuit court, McCray contended his indictment was defective, but he gave no reason why. He has made the supporting argument for the first time on appeal, and it is procedurally barred as a result. “A trial judge cannot be put in error on a matter which was not presented to [her] for decision.” Wilson v. State, 904 So.2d 987, 995 (¶ 24) (Miss.2004),
 ¶ 7. Without waiving the procedural bar, we find no merit to McCray’s claim. The only support he offers is a copy of the indictment that has been attached to his brief on appeal. In reviewing this case we are limited to the appellate record, and a party cannot make something part of the record by simply binding it with his brief. McCullough v. State, 47 So.3d 1206, 1211 (¶ 18) (Miss.Ct. App.2010). McCray also ignores the certified copy of his indictment, found on the *1045 first page of the record, that is both signed by the grand jury foreman and stamped filed in the circuit court. The fact that an unsigned copy of the indictment exists somewhere has no effect on the fully executed indictment in the record.
2. Effective Assistance of Counsel
¶ 8. McCray’s remaining claim is that he received ineffective assistance of counsel. Such claims are governed by Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “First, the convicted defendant must show that counsel’s representation fell below an objective standard of reasonableness. Second, the defendant must show there is reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Hannah v. State, 943 So.2d 20, 24 (¶ 6) (Miss.2006) (citing Strickland, 466 U.S. at 687-88, 694, 104 S.Ct. 2052).
¶ 9. A prisoner seeking post-conviction relief “must allege both prongs of the above test with specific detail.” Coleman v. State, 979 So.2d 731, 735 (¶ 15) (Miss.Ct.App.2008) (citing Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990)). The burden of proof for both prongs rests with the petitioner. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Since McCray pleaded guilty, to satisfy the second prong he must show that but for his counsel’s errors he “would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different.” Hannah, 943 So.2d at 24 (¶ 7).
¶ 10. McCray cites three instances of alleged ineffective assistance of counsel. First, he contends that his attorney failed to object to the defective indictment. This argument is without merit for reasons we have already addressed. McCray’s remaining claims are that counsel failed to investigate the case and that McCray was induced to plead guilty by a promise he would serve his sentences concurrently.
¶ 11. These contentions are supported in the record only by an affidavit executed by McCray himself. The affidavit merely restates McCray’s allegations in the most general terms, without any detail or supporting evidence.
¶ 12. A petitioner must produce “more than conclusory allegations on a claim of ineffective assistance of counsel.” Carpenter v. State, 899 So.2d 916, 921 (¶ 23) (Miss.Ct.App.2005). Bare allegations are insufficient to prove ineffective assistance of counsel. Mayhan v. State, 26 So.3d 1072, 1076 (¶ 10) (Miss.Ct.App.2009).
¶ 13. Additionally, McCray’s claims are contradicted by his own sworn statements in the record. In his petition to enter a plea of guilty, McCray admitted his guilt. He also stated under oath:
I have told my attorney all of the facts and circumstances known to me about the charge(s) asserted in the indictments). I believe my lawyer is fully informed on all such matters.
[[Image here]]
I declare that no ... person has made any promise [or] inducement of any kind to me ... that I will receive a lighter sentence, probation, early release, or any other form of leniency if I plead “[g]uilty.”
[[Image here]]
If no agreement has been reached with regard to a recommended sentence ... I understand neither my attorney nor any other person can represent to me that I will receive any particular sentence if I plead guilty. The final decision as to the sentence(s) rests with the Court.
[[Image here]]
I am satisfied with the advice and help [my attorney] has given me.
*1046 ¶ 14. During his plea colloquy, McCray again admitted his guilt, and he acknowledged his plea petition. He also repeatedly stated that he understood he could be ordered to serve his sentences consecutively:
Q. Do you understand, that if the Court desired to do so, that these charges could run consecutive?
A. Yes, ma’am.
Q. They can run concurrent, but they can run consecutive too. Do you understand that?
A. Yes, ma’am.
Q. Knowing these things, do you still wish to enter a plea of guilty?
A. Yes, ma’am.
[[Image here]]
Q. Has anybody promised you anything in order to get you to plead guilty?
A. No, ma’am.
[[Image here]]
Q. Has [your attorney] threatened you in any manner or promised you anything in order to get you to plead guilty?
A. No, ma’am.
McCray also repeatedly stated under oath that he was satisfied with the services of his attorney.
¶ 15. The Mississippi Supreme Court has held that a PCR movant may not rely solely on his own self-serving affidavit or otherwise unsupported allegations in his brief. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). And “where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required.” Gable v. State, 748 So.2d 703, 705-06 (¶ 8) (Miss.1999).
¶ 16. We agree with the circuit court that McCray’s claims of ineffective assistance of counsel are without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WILKINSON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR.