# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-02046-COA

**RONNIE L. BOYD A/K/A RONNIE BOYD**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT:           11/05/2013
TRIAL JUDGE:                HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:  OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:    BENNIE L. JONES JR.
                            ROBERTA LYNN HAUGHTON
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:    DENIED MOTION FOR POST-
                            CONVICTION RELIEF
DISPOSITION:                AFFIRMED - 08/11/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     Ronnie L. Boyd appeals the judgment Circuit Court of Oktibbeha County denying his motion for post-conviction relief (PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On July 15, 2008, Boyd was indicted by a grand jury for one count of bribery, one count of attempting to tamper with physical evidence, and one count of possession of a controlled substance.  On January 27, 2009, the State filed a motion to amend the indictment to include a habitual-offender charge under Mississippi Code Annotated section 99-19-83

(Supp. 2014). On January 27, 2009, jury selection began and a jury was seated. On January 28, 2009, the trial court entered an order granting the motion. That same day, Boyd chose to withdraw his not-guilty plea and filed a petition to enter a plea of guilty. The terms of the plea-bargain agreement were that Boyd would plead guilty to count one of bribery as a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 2014), and counts two and three would be retired to the files. The trial court accepted Boyd's plea and found that he was competent to enter a plea of guilty, and that he understood the charges against him, the nature and consequences of his plea of guilty, as well as the maximum and minimum sentences required by law. The trial court sentenced him as a habitual offender under section 99-19-81 for one count of bribery to ten years in the Mississippi Department of Corrections' custody without the possibility of parole or probation, early release, or any good-time credits, and ordered him to pay a fine of five thousand dollars. Counts two and three were retired to the files.

¶3. On January 26, 2012, Boyd filed a PCR motion. On May 22, 2012, Boyd filed an amended PCR motion. Boyd argued that his guilty plea was involuntary due to "serious health problems" that he was experiencing at the time of his plea. Additionally, Boyd argued that his trial counsel, Stephanie L. Mallette, was ineffective because she failed to inquire about his health issues and failed to present evidence at the plea hearing concerning his health issues.

¶4. On October 21, 2013, the trial court held an evidentiary hearing on Boyd's PCR motion. At the hearing, Boyd presented medical records, which included evidence that he

2

was involved in a car wreck in 1999 and had a heat stroke in 2003. Boyd claimed that these incidents had a lingering effect on his health. Boyd's wife testified that following his heat stroke, he became forgetful.

¶5. On November 5, 2013, the trial court entered an order denying Boyd's PCR motion. The trial court found that Boyd failed to present any evidence at the hearing that his alleged health conditions affected his ability to enter a competent guilty plea on January 28, 2009. Moreover, the trial court found that neither Boyd's car accident nor his heat stroke rendered him incompetent to enter a guilty plea. As to the ineffective-assistance-of-counsel claim, the trial court found that Boyd's trial counsel's actions were not deficient and, even assuming that his counsel had performed deficiently, he failed to show how any deficiency prejudiced his defense. Boyd appeals from the trial court's order.

## STANDARD OF REVIEW

¶6. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013).

## DISCUSSION

¶7. Boyd argues (1) his guilty plea was involuntarily due to illness or health problems; and (2) his trial counsel was ineffective because (a) she failed to adequately inquire into his health issues and present evidence concerning them to the trial court at the time of the guilty plea; and (b) she failed to advise Boyd of a plea offer by the State prior to his trial date. We

3

disagree and find no error.

### I. Whether Boyd's plea was entered knowingly, voluntarily, and intelligently.

¶8. "The standard of competency to enter a plea of guilty is the same as [that for] . . . competency to stand trial. That standard requires [that the defendant have] a rational understanding of the charges against him and the ability to assist his lawyer in preparing his defense." *Gross v. State*, 954 So. 2d 438, 439 (¶5) (Miss. Ct. App. 2006) (internal citations omitted). "A plea is considered voluntary when the defendant knows what the elements are of the charge against him[,] including an understanding of the charge and its relation to him, what effect the plea will have, and what the possible sentence might be because of his plea." *Pearson v. State*, 906 So. 2d 788, 791-92 (¶11) (Miss. Ct. App. 2004).

¶9. The trial court questioned Boyd at length at the sentencing hearing and found that Boyd was competent to enter a plea of guilty, and that he understood the charges against him, the nature and consequences of his plea of guilty, as well as the maximum and minimum sentences required by law. The trial court determined that Boyd's guilty plea was freely, voluntarily, knowingly, and intelligently entered. Moreover, Boyd stated in his plea petition: "I offer my plea of guilty freely and voluntarily and of my own accord and with full understanding of all the matters set forth in the indictment and in this petition[.]"

¶10. In support of his argument, Boyd submitted medical records and an affidavit of his wife. We agree with the trial court's finding that Boyd offered no evidence that any alleged health condition made him incompetent to enter a plea of guilty on January 28, 2009. Indeed, Boyd's petition to enter a guilty plea stated that his "physical and mental health is presently

4

satisfactory." Moreover, Boyd testified at the evidentiary hearing that his heat stroke and car accident did not prevent him from being able to run a car-sales business. Boyd's argument that health conditions stemming from a car accident and heat stroke made him incompetent to enter a guilty plea is without support.

## II. Whether Boyd received ineffective assistance of counsel.

¶11. Boyd also argued he received ineffective assistance of counsel because his attorney allegedly failed to inquire into or bring to the court's attention his health problems. Ineffective-assistance claims are governed by *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). "First, the convicted defendant must show that counsel's representation fell below an objective standard of reasonableness. Second, the defendant must show there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McCray v. State*, 107 So. 3d 1042, 1045 (¶8) (Miss. Ct. App. 2012). A prisoner seeking PCR must allege both prongs of the above test with specific detail. *Id.* at (¶9). The burden of proof for both prongs rests with the movant. *Id.* Because Boyd pled guilty, to satisfy the second prong, he must show that but for his counsel's errors he would not have pled guilty and would have insisted on going to trial, and the outcome would have been different. *Id.*

¶12. When a defendant's assertions of ineffective assistance of counsel "are substantially contradicted by the court record of the proceedings that led up to the entry of the judgment of guilt," the trial court may disregard such assertions. *Watson v. State*, 100 So. 3d 1034, 1040 (¶20) (Miss. Ct. App. 2012).

¶13. Boyd's allegations are contradicted by his own sworn statements in his plea petition and statements under oath during the plea hearing. During the plea colloquy, Boyd confirmed that his sworn plea petition was true and correct. Boyd stated in his petition to enter a guilty plea: "I believe that my lawyer has done all that anyone could do to counsel and assist me. I am satisfied with the advice and help she has given me."

¶14. Prior to entering a guilty plea, Mallette testified that she asked Boyd whether his mental and physical health was presently satisfactory. Boyd answered affirmatively. Mallette also testified that Boyd gave her no indication or reason to believe that his mental or physical health was not satisfactory. Mallette testified that there was nothing that Boyd said or did through his behavior that gave her any indication that he did not understand the advice that she had given him. Furthermore, during the plea hearing, the trial court asked Mallette whether Boyd gave any indication or reason to believe he did not understand his rights or the elements of the offense. Mallette replied, "No, Your Honor."

¶15. Mallette attached a certificate to Boyd's plea petition, which states: "Having discussed this matter carefully with [Boyd], I am satisfied and do certify that in my opinion, [Boyd] is mentally and physically competent; there is not, to my knowledge, a mental or physical condition which would affect [Boyd's] understanding of these proceedings[.]" Again, Boyd's plea petition stated that his "physical and mental health is presently satisfactory." Accordingly, Boyd's argument is without merit.

¶16. Boyd also raises a new theory of ineffective assistance of counsel on appeal that it appears he did not raise in his PCR motion. It also appears that the trial court did not address

6

this theory in its order denying PCR because it was not raised in Boyd's motion. Boyd argues in his brief that his attorney failed to convey a plea offer to him prior to the date of his trial. "[A movant] who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal." *Stamps v. State*, 151 So. 3d 248, 255 (¶18) (Miss. Ct. App. 2014). Therefore, this issue is procedurally barred.

¶17. Nonetheless, we also find this argument is without merit. Mallette denied this allegation at the evidentiary hearing. Mallette testified that the State made an offer pretrial, which was less than ten years. Mallette testified that she and Boyd discussed this offer the day before trial. Boyd refused and insisted on getting a continuance instead. Boyd testified at the evidentiary hearing that he informed Mallette that he was ready to go to trial. After the trial began, the State changed its plea offer to what was ultimately agreed upon by the parties and became the terms under which Boyd was sentenced. Boyd has failed to provide any evidence, other than his own statements, to support his theory of ineffective assistance of counsel. "In cases involving [PCR], where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Rustin v. State*, 138 So. 3d 270, 275 (¶14) (Miss. Ct. App. 2014). Thus, Boyd's claim is without merit.

**CONCLUSION**

¶18. Finding no error, we affirm the trial court's judgment denying Boyd's PCR motion.

¶19. **THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND WILSON, JJ., CONCUR. LEE, C.J., NOT PARTICIPATING.**