# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01259-COA

**MATTHEW OLIVER REARDON A/K/A**　　　　　　　　　**APPELLANT**
**MATTHEW REARDON**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/30/2020 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MATTHEW OLIVER REARDON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/07/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., LAWRENCE AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.　　Matthew Reardon, who waived his right to an indictment and pleaded guilty to aggravated stalking, filed a motion for post-conviction relief (PCR), asserting that he received ineffective assistance of counsel; that the State violated his First, Eighth, and Fourteenth Amendment constitutional rights when he entered his guilty plea; and that he involuntarily entered his plea upon denial of his right to due process. The Circuit Court of Lafayette County dismissed Reardon's PCR motion and denied or found moot Reardon's subsequently filed motions for post-dismissal relief.

¶2.　　On appeal, Reardon asserts that the circuit court erred in denying him relief, primarily

basing his assignments of error on new issues not presented to the circuit court. For the reasons detailed below, we affirm the circuit court's dismissal of Reardon's PCR motion, the circuit court's denial of Reardon's motions for rehearing and for recusal, and find no error in the circuit court's determination that Reardon's motion to compel evidence was therefore moot.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶3. On July 6, 2017, Reardon waived his right to an indictment and entered a petition to plead guilty by a bill of information to the crime of aggravated stalking pursuant to Mississippi Code Annotated section 97-3-107(2) (Rev. 2014). After conducting Reardon's plea hearing, the circuit court accepted his guilty plea. Details of Reardon's guilty plea petition and the plea colloquy are discussed below. In accord with his plea bargain, Reardon was sentenced to serve five years in the custody of the Mississippi Department of Corrections, with credit for time served and the remaining time suspended to be served on post-release supervision (PRS). As a special condition of his PRS, Reardon was "banished from Lafayette County" during his PRS, but he was allowed entry for certain chancery court proceedings or upon request under certain conditions.

¶4. Three years later, Reardon filed a PCR motion, generally asserting that the State violated his First, Eighth, and Fourteenth Amendment constitutional rights when he entered his guilty plea and that he had involuntarily entered his plea upon denial of his right to due process. Reardon further asserted that he "received inadequate representation by his legal

2

counsel on record, in which adequate coun[sel] representation likely would have resulted in an outright dismissal of the State's charge," and "[t]hat the state has refused to comply with a Freedom of Information Act (FOIA) request for information regarding the phone call received on May 24, 2017[, regarding the "stalking/harassment complaint" against Reardon]." Reardon attached three exhibits to his PCR motion: the bill of information of the aggravated stalking crime; the notice of criminal disposition setting forth Reardon's sentence entered after his guilty plea; and the "Reporting Officer's Narrative" about the "stalking/harassment complaint" received on May 24, 2017, including the officer's follow-up activities. The PCR motion contained no other details or argument.

¶5. The circuit court dismissed Reardon's PCR motion, finding that "it plainly appears from the face of the motion and prior proceedings that the Petitioner is not entitled to any relief. The Court finds the transcript of the plea and sentencing hearing in Petitioner's criminal cause for aggravated stalking (LKl 7-295) belies Petitioner's claims for relief." In accordance with Mississippi Rule of Civil Procedure 54(c), the record contains Reardon's PCR motion and exhibits, and the files, record, transcripts, and correspondence the circuit court relied upon in making its determination.

¶6. After the order denying relief was entered, Reardon filed a motion for rehearing before another circuit court judge, a motion for recusal, and a motion to "compel evidence." The circuit court denied the motion for rehearing and, as a consequence, found Reardon's motion to compel evidence to be moot, and the court denied Reardon's motion for recusal.

3

The circuit court's order provided:

> This matter is before the Court on Petitioner's motions titled "Motion for Rehearing Under Mississippi Rule 59 Before the Honorable Judge Kent Smith," "Motion for Recusal," and "'Motion to Compel Evidence."
>
> The Petitioner requests this Court reconsider its Order entered July 30, 2020, in which the Court, under Mississippi Code Annotated [section] 99-39-11(2), summarily denied Petitioner's request for post-conviction collateral relief. The Court finds the motion for reconsideration is not well taken and is hereby DENIED. Consequently, the Court finds Petitioner's Motion to Compel Evidence to be MOOT.
>
> Additionally, the Petitioner alleges the undersigned judge should recuse himself from this post-conviction matter. The Court finds the Petitioner's request for recusal to be without merit and hereby DENIED.

¶7. Reardon appeals.

**STANDARD OF REVIEW**

¶8. "In reviewing a circuit court's decision to dismiss a PCR motion, 'this Court will not disturb th[e] [circuit] court's factual findings unless they are found to be clearly erroneous.'" *Bates v. State*, 319 So. 3d 508, 510-11 (¶6) (Miss. Ct. App. 2021) (quoting *Morales v. State*, 291 So. 3d 363, 366 (¶10) (Miss. Ct. App. 2019)). We review questions of law de novo. *Id.* at 511 (¶6). "The burden is on the PCR movant to show he or she is entitled to relief by a preponderance of the evidence." *Id.* (quoting *Smith v. State*, 129 So. 3d 243, 245 (¶5) (Miss. Ct. App. 2013)). "We affirm dismissals or denials of PCR motions when the movant fails to demonstrate 'a claim procedurally alive substantially showing the denial of a state or

4

federal right.'" *Id.*[1]

## DISCUSSION

¶9.    Reardon asserts a number of issues on appeal, restated as follows:  (1) he received ineffective or "malfeasant" assistance of counsel when he was "coerced by his legal counsel" to plead guilty; (2) "banishment" from Lafayette County during his PRS and his execution of a civil liability covenant not to sue certain individuals and governmental entities were in violation of his Eighth Amendment rights;[2] (3) he was denied due process because of a delayed initial appearance and the denial of his right to a preliminary hearing; (4) his bail amount was excessive; and (5) the circuit court erred in failing to allow an evidentiary hearing in light of exculpatory evidence entitling Reardon to relief.

¶10.    Reardon presents these issues for the first time on appeal.  Although Reardon *generally* asserted in his PCR motion that the State "was in direct violation of [his] 1st, 8th, and 14th constitutional rights at the time [his guilty] plea was given" and that his "guilty plea was involuntary due to a denial of his due process rights," he offered no other detail or argument in support of these broad claims and certainly no argument or evidence encompassing the new issues Reardon now raises.

¶11.    Similarly, with respect to his claim of ineffective assistance of counsel, in contrast to

---

[1] We address the standard of review on a motion to recuse in the relevant discussion section.

[2] Reardon also asserts that the circuit court erred in denying the motion to recuse that Reardon filed after the circuit court dismissed his PCR motion. We separately address this assignment of error in the discussion section.

the "coercion" claim he now primarily makes on appeal, Reardon asserted in his PCR motion that he "received inadequate representation by his legal counsel on record, in which adequate coun[sel] representation likely would have resulted in an outright dismissal of the State's charge[;]" and he "only met with his legal coun[sel] one time and no discovery motion was ever requested by [his] legal coun[sel]."

## I. Procedural Bar

¶12. The new arguments Reardon asserts on appeal are procedurally barred. *Boyd v. State*, 190 So. 3d 865, 869 (¶16) (Miss. Ct. App. 2015) ("A movant who fails to raise an issue in his motion for post-conviction relief before the trial court may not raise that issue for the first time on appeal." (quoting *Stamps v. State*, 151 So. 3d 248, 255 (¶18) (Miss. Ct. App. 2014))). Procedural bar notwithstanding, we also find Reardon's new claims without merit for the reasons addressed below.

## II. Dismissal of Reardon's PCR Motion

¶13. As an initial matter, even if some of these new claims were encompassed within the general claims Reardon asserted in his PCR motion, we find that the circuit court correctly concluded that the claims Reardon raised in his PCR motion were unsupported and contradicted by the record.

¶14. With respect to Reardon's ineffective-assistance claim before the circuit court, we recognize that "[a] defendant's declarations during the plea colloquy that he was satisfied with the services of his lawyer are presumptively true. Solemn declarations in open court

6

carry a strong presumption of verity." *Singleton v. State*, 213 So. 3d 521, 524 (¶8) (Miss. Ct. App. 2016) (quoting *Pierce v. State*, 115 So. 3d 869, 873 (¶12) (Miss. Ct. App. 2013)). Like the defendant in *Singleton*, Reardon acknowledged "under oath at his plea hearing that he had no complaints about his lawyer and was satisfied with his advice and assistance." *Id.*

¶15. Additionally, "our Supreme Court has held that if the movant in a PCR proceeding 'offers only his affidavit, then his ineffective assistance of counsel claim is without merit.'" *Id.* (quoting *Lindsay v. State*, 720 So. 2d 182, 184 (¶6) (Miss. 1998)). The record reflects that Reardon's ineffective-assistance claim is based entirely on his own allegations—and even these allegations are not supported by Reardon's affidavit, as required by Mississippi Code Annotated section 99-39-9(1)(d)-(e) (Rev. 2015). For these reasons, we find no error in the circuit court's finding that Reardon's ineffective-assistance claim was without merit.

¶16. Regarding Reardon's involuntary-guilty-plea claims before the circuit court, we recognize that "[i]n order to be valid, a guilty plea must be entered voluntarily and intelligently, meaning that the defendant is 'advised concerning the nature of the charge against him and the consequences of the plea.'" *Carr v. State*, 291 So. 3d 1132, 1137 (¶18) (Miss. Ct. App. 2020) (quoting *Gaulden v. State*, 240 So. 3d 503, 507-08 (¶13) (Miss. Ct. App. 2018)); *accord Shanks v. State*, 233 So. 3d 877, 881 (¶14) (Miss. Ct. App. 2017). Reardon, "as the movant, has the burden of establishing his involuntary-guilty-plea claim." *Carr*, 291 So. 3d at 1137 (¶18) (internal quotation mark omitted). Based upon our review of the record, we find that Reardon wholly failed to meet this burden; indeed, as the circuit

court found, the record contradicts Reardon's involuntary-guilty-plea claims.

¶17. As reflected in Reardon's plea hearing transcript, in open court and under oath, Reardon acknowledged that he had signed his petition to plead guilty and that before doing so he went over it with his attorney; his attorney explained the contents of his petition and answered any questions he had, and his attorney explained to him the rights he was giving up by pleading guilty in this case. Reardon further acknowledged that he and his attorney discussed the aggravated stalking charge against him and what the State would have to prove in order for him to be found guilty. And, as noted above, Reardon explicitly acknowledged that he was "satisfied with the legal services and the legal representation [that he] had in this matter."

¶18. The circuit court then thoroughly explained to Reardon that he did not have to plead guilty and that he was entitled to a jury trial in which he would be presumed innocent, that it was the State that had the burden of proving he was guilty beyond a reasonable doubt, and that if he were to be found guilty, he had the right to appeal. Reardon acknowledged that he understood each of these points. The circuit court also informed Reardon that he had the right to an attorney throughout the legal process, if he could not afford an attorney one would be appointed to represent him, and if he were to go to trial, he could choose to testify, but if he chose not to do so, that choice could not be used as evidence of his guilt. Reardon likewise acknowledged each of these points.

¶19. Additionally, Reardon acknowledged that he had signed a waiver of indictment and

that his attorney had discussed it with him before he did so. The circuit court reviewed with Reardon the significance of signing the waiver of indictment, and Reardon acknowledged that he understood this information and that he was still asking the court to allow him to waive the indictment and proceed on the charge against him. The circuit court approved the waiver of the indictment and read the aggravated stalking charge against him. Reardon acknowledged that he understood the charge and that he had committed the crime.

¶20. The circuit court then questioned Reardon in detail regarding his competency to plead guilty. Reardon acknowledged that he was mentally, physically, and emotionally competent to plead guilty; he was not under the influence of drugs or alcohol or suffering from mental illness; he had not been coerced, threatened, or forced into pleading guilty, nor had anyone promised him anything to induce him to plead guilty; and he understood the consequences of pleading guilty.

¶21. After making sure that Reardon had no questions, the circuit court found "that as Mr. Reardon stands before the Court, he's aware of his circumstances. He's aware of the consequences of entering plea of guilty. The Court further finds he has freely, knowingly, voluntarily offered his plea of guilty." The circuit court then stated that it accepted Reardon's guilty plea "on [this] basis and find[s] that he is capable and competent to offer his plea of guilty."

¶22. As plainly supported by the pleadings, files, record, and transcript before the circuit court and in the record on appeal, we find that the circuit court did not abuse its discretion

9

in finding that Reardon knowingly, intelligently, and voluntarily pleaded guilty to aggravated stalking and that Reardon failed to meet his burden to establish the involuntariness of his guilty plea.

### III.    The Fundamental Rights Exception to the Procedural Bar

¶23.    As we have found above, Reardon's new claims on appeal are procedurally barred because he did not raise them in his PCR motion before the circuit court. *Boyd*, 190 So. 3d at 869 (¶16). We recognize, however, that "errors affecting fundamental rights may be excepted from procedural bars." *Rowland v. State*, 42 So. 3d 503, 505-06 (¶7) (Miss. 2010) (internal quotation marks omitted). These rights include, "[i]n extraordinary circumstances, the right to effective assistance of counsel," *Creel v. State*, 305 So. 3d 417, 421 (¶9) (Miss. Ct. App. 2020) (internal quotation marks omitted), and also "the right to be free from an illegal sentence." *Id.* We address these exceptions in turn.

¶24.    On appeal, Reardon frames his ineffective-assistance claim as one in which he was "coerced" by his counsel to plead guilty in order to avoid additional charges that "the [S]tate allegedly was going to start 'piling on' in order to try to get a quick yet highly immoral win despite indisputable evidence being brought to the attention of [Reardon's] attorney." We find no evidentiary support in the record for Reardon's claim that his counsel "coerced" him into pleading guilty. As the Mississippi Supreme Court recognized in *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015), "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars." "[T]here must at least appear to be some basis

for the truth of the claim of a fundamental-constitutional-rights violation." *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018) (quoting *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013)).

¶25. Indeed, Reardon's allegations are squarely contradicted by his testimony at his plea hearing, as we have addressed above. He confirmed at that hearing that he was satisfied with his attorney's services, and he specifically confirmed that he was not coerced or forced into entering a guilty plea. Further, "[i]f [an] attorney believes that it is in his client's best interest to plead guilty, it is his duty to inform him of that fact." *Middlebrook v. State*, 964 So. 2d 638, 640 (¶9) (Miss. Ct. App. 2007). In this case, counsel's suggestion that the State planned to bring more charges against Reardon was not improper because it was true—as part of the plea agreement, the State explained to the circuit court that it would be dropping disorderly conduct charges pending against Reardon in justice court. For these reasons, we find that Reardon's new ineffective-assistance-of-counsel claim clearly does not constitute the "extraordinary circumstances" warranting reversal or any other relief. *See Creel*, 305 So. 3d at 423 (¶21).

¶26. Regarding the "illegal sentence" fundamental-rights exception, Reardon asserts that his Eighth Amendment rights were violated by (1) the special condition of his PRS banishing him from Lafayette County, Mississippi during his PRS except upon certain conditions; and (2) a civil liability covenant not to sue that Reardon executed on July 7, 2017, in which he promised not to sue certain local governmental agencies, the City of Oxford, Lafayette

11

County, and the victims in connection with any conduct occurring before execution of the covenant. Reardon vaguely asserts that these conditions are evidence of "foul play," but he offers no argument or any legal authority in support of these assertions. These issues are therefore waived. *See* M.R.A.P. 28(a)(7); *Dennis v. State*, 283 So. 3d 1201, 1203 (¶¶12-13) (Miss. Ct. App. 2019). We find that Reardon's unsupported assertions are wholly insufficient to overcome any procedural bar. *Fluker*, 170 So. 3d at 475 (¶11).[3]

### IV. Valid Guilty Plea as Waiver

¶27. With respect to Reardon's remaining new claims, a "valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *McComb v.*

---

[3] In any event, with respect to the banishment condition, the transcript from Reardon's plea hearing clearly reflects that the trial judge "articulate[d], on the record, the reasons for and benefits of the banishment," *Means v. State*, 43 So. 3d 438, 446 (¶26) (Miss. 2010), and took into account the *Cobb* factors, as incorporated into the supreme court's opinion in *McCreary v. State*, 582 So. 2d 425, 427 (Miss. 1991), as follows:

> In *Cobb*, the Court satisfied itself from the record that the banishment provision bore a reasonable relationship to the purpose of probation; that the ends of justice and the best interest of the defendant and the public would be served; that public policy was not violated and the rehabilitative purpose of probation was not defeated; and that Cobb's rights under the First, Fifth and Fourteenth Amendments to the United States Constitution were not violated.

*Id.* at 427 (citing *Cobb v. State*, 437 So. 2d 1218, 1219-21 (Miss. 1983)). The trial court addressed each of these factors in this case.

Regarding the covenant not to sue, the record reflects that Reardon requested that the covenant not to sue be included in the record, but it was not a part of the sentencing order; further, the trial judge stated in the record at Reardon's plea hearing that it was not a part of the case.

*State*, 135 So. 3d 928, 931 (¶11) (Miss. Ct. App. 2014) (quoting *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991)). Based upon this principle, we find without merit Reardon's new claims that (i) he was denied due process due to the alleged delay or denial of his initial appearance or preliminary hearing; (ii) his bail was excessive and that he was entitled to pre-plea bond relief; and (iii) he was denied the right to present exculpatory evidence. By virtue of Reardon's valid guilty plea, we find that these new claims are waived and therefore fail.

¶28. In particular, "entry of a valid guilty plea waives the right to an initial appearance and a preliminary hearing." *Reeves v. State*, 256 So. 3d 632, 635 (¶10) (Miss. Ct. App. 2018) ("Because the record shows [the defendant] entered valid guilty pleas, his right to an initial appearance and a preliminary hearing was waived. Accordingly, his due-process claim fails.").

¶29. For the same reason, the Court in *Covington v. State*, 909 So. 2d 160, 163 (¶13) (Miss. Ct. App. 2005), held that a defendant's excessive bail claim "fail[ed], because a guilty plea waives all non-jurisdictional rights or defects." *Id.*; *see McComb*, 135 So. 3d at 931 (¶11) & n.5.

¶30. A defendant's valid guilty plea also waives the right to present a defense, including exculpatory or "newly discovered" evidence, and to require the State to prove the elements of the offense beyond a reasonable doubt. *Worth v. State*, 223 So. 3d 844, 851-52 (¶¶25-27) (Miss. Ct. App. 2017) (finding that issues relating to defendant's allegations of "'misconduct' by the prosecution and [defendant's] attorney" and that the alleged existence

13

of exculpatory evidence were waived by entry of defendant's guilty plea); *Singleton*, 213 So. 3d at 524-25 (¶10) ("When a defendant pleads guilty, he is admitting that he committed the offense. Therefore, by definition, a plea of guilty negates any notion that there is some undiscovered evidence which could prove his innocence." (quoting *Townes v. State*, 88 So. 3d 812, 815 (¶6) (Miss. Ct. App. 2012))).

¶31. In short, we find no error in the circuit court's dismissal of Reardon's PCR motion. We further find that Reardon's new claims are not grounds for post-conviction relief, nor do his assertions constitute grounds for reversing the circuit court's denial of Reardon's motion for rehearing or determination that his motion to compel evidence was moot. For all the reasons stated, we find that Reardon's assignments of error on appeal are without merit.

## V. Denial of Reardon's Motion to Recuse

¶32. Reardon also asserts on appeal that the circuit court erred in denying his motion to recuse after the judge was "made aware of reported corrupt involvement surrounding the details of this cause" and after the assignment of a judge for Reardon's PCR motion (LK20-316) was allegedly "fraudulently altered" to be the same circuit court judge who was assigned to Reardon's aggravated stalking case (LK-17-295) and who conducted Reardon's guilty plea hearing. For the reasons stated below, we find that Reardon has waived the recusal issue, and even if he had not done so, we find his assertions on this issue are entirely without merit.

¶33. Despite listing the recusal issue in the "statement of the issues" portion of his opening

14

appellate brief, Reardon did not address the recusal issue in any way in that brief. Reardon's failure to do so "obviates [this Court's] obligation to review [this] issue[]." *Chisholm v. State*, 298 So. 3d 1046, 1050 (¶12) (Miss. Ct. App. 2020) (internal quotation mark omitted) (quoting *Simmons v. State*, 805 So. 2d 452, 487 (¶90) (Miss. 2001)).

¶34. Further, although Reardon did attempt to address the recusal issue in his reply brief, "[i]t is a well-established rule that we will not consider issues raised for the first time in an appellant's reply brief." *Id.* at 1050 (¶13) (internal quotation mark omitted) (quoting *Nelson v. State*, 69 So. 3d 50, 52 (¶8) (Miss. Ct. App. 2011)). "To countenance this would deprive an appellee of the opportunity to respond to the argument." *Rogers v. Thames*, 309 So. 3d 1154, 1159 (¶10) (Miss. Ct. App. 2021) (quoting *Carroll v. City of Canton*, 296 So. 3d 751, 760 n.10 (Miss. Ct. App. 2020)). Because Reardon did not attempt to address the recusal issue until his reply brief, we find that the recusal issue is waived for this additional reason.

¶35. In any event, our review of the record reveals that there is simply no basis for Reardon's assertion that the circuit court erred in denying his motion to recuse or his motion for rehearing, in which, among other assertions, Reardon claimed he was entitled to a rehearing before a different circuit judge because the current judge "prejudicially denied [his PCR motion] with biasness and favor[] shown to the [State]." We review the circuit court's denial of a motion to recuse for a "manifest abuse of discretion." *In re B.A.H.*, 225 So. 3d 1220, 1232 (¶40) (Miss. Ct. App. 2016) (quoting *Hathcock v. S. Farm Bureau Cas. Ins.*, 912 So. 2d 844, 849 (¶11) (Miss. 2005)). As the supreme court has explained, "recusal is

15

required when the evidence produces a reasonable doubt as to the judge's impartiality." *Dodson v. Singing River Hosp. Sys.*, 839 So. 2d 530, 533 (¶13) (Miss. 2003).

¶36. In this case, Reardon's assertion that he had informed the circuit court of the "corrupt involvement surrounding the details of [his] case" is apparently based upon emails that Reardon sent to the circuit court *before* he filed his PCR motion. The emails consist of Reardon's allegations of purported "erroneous corrupt acts committed on behalf of the state" with respect to his aggravated stalking charge. The circuit court administrator's response to these emails is also included in the record and provides:

> Mr. Reardon
>
> Judge Luther has reviewed your emails and asked me to respond to you and let you know that in Mississippi, when someone wishes to challenge a plea of guilty, the rules need to be followed as outlined in the Mississippi Code for post-conviction relief. If you wish to have the issues you have raised to be heard in Court, please follow the rules as set forth in the Post Conviction Relief Act.

¶37. Reardon shortly thereafter filed his PCR motion—but Reardon did not attach these emails to his motion; he did not include any type of affidavit regarding the purported corrupt circumstances allegedly surrounding his aggravated stalking charge (as required pursuant to section 99-39-9(1)(d)-(e)); and he did not include any other evidence that would substantiate such assertions. Nothing in this scenario indicates any bias whatsoever on the circuit court's part in dismissing Reardon's PCR motion.

¶38. As for Reardon's "fraudulent reassignment" assertions, the record simply does not contain any evidentiary support at all that any judge assignments were improperly or

16

"fraudulently" made.

¶39.    In short, we find no error in the circuit court's denying Reardon's motion to recuse

or motion for rehearing to the extent that motion suggested recusal was proper.  We find that

Reardon's recusal assignment of error is entirely without merit.

¶40.    **AFFIRMED.**

**WESTBROOKS, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. BARNES, C.J., AND WILSON, P.J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. GREENLEE AND McCARTY, JJ., NOT PARTICIPATING.**