# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01248-COA

**DERRICK D. LUCKETT**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                       **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/07/2021 |
| TRIAL JUDGE: | HON. M. BRADLEY MILLS |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DERRICK D. LUCKETT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/30/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     On April 26, 2019, Derrick Luckett was charged as a habitual offender under Mississippi Code Annotated 99-19-83 (Rev. 2015) of burglary of a dwelling (Count I); conspiracy to commit burglary of a dwelling (Count II); and possession of a firearm by a felon (Count III).[1]  During his trial[2] before the Madison County Circuit Court on March 11, 2020, Luckett entered a guilty plea to Counts I and II as a nonviolent habitual offender;[3]

---

[1] Erick Luckett was also charged in the same indictment on Counts I and II.

[2] There is no transcript in the record of the trial proceedings prior to Luckett's open guilty plea.

[3] *See* Miss. Code Ann. § 99-19-81 (Rev. 2014).

Count III—possession of a firearm by a felon—was nolle prosequied. For Count I (burglary), the circuit court sentenced Luckett to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). For the conviction of Count II (conspiracy), the court sentenced Luckett to serve five years in MDOC's custody to run concurrently with the sentence imposed for Count I.[4]

¶2. Luckett filed a motion for post-conviction relief (PCR) on January 11, 2021, alleging double jeopardy and various claims of ineffective assistance of counsel. The circuit court summarily dismissed Luckett's motion. Luckett appeals, reasserting his claims that his counsel was ineffective.[5] Finding no error, we affirm.

## STANDARD OF REVIEW

¶3. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous[.]" *Hays v. State,* 282 So. 3d 714, 716-17 (¶5) (Miss. Ct. App. 2019) (quoting *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018)). A circuit court's legal conclusions are reviewed de novo. *Id*. (citing *Gunn*, 248 So. 3d at 941 (¶15)).

## DISCUSSION

¶4. Luckett contends that his defense counsel failed to obtain DNA evidence to rebut the

---

[4] Luckett filed a direct appeal of his convictions, which this Court "dismissed for lack of an appealable judgment" on May 7, 2020. *See* Miss. Code Ann. § 99-35-101 (Rev. 2015).

[5] Luckett has abandoned his claim of double jeopardy on appeal, in which he alleged that being convicted of burglary and conspiracy to commit burglary for the same crime constituted double jeopardy.

felon-in-possession charge; investigate the felon-in-possession charge; allow witnesses to testify on his behalf; advocate on his behalf; "prepare penalty phase witnesses"; perform effectively at his arraignment; object during trial; and defend him from his co-defendant's "false lies." He also claims "additional deficiencies/cumulative error."

¶5. Luckett offers no affidavits other than his own to support his claims. "A defendant's claims of ineffective assistance of counsel must be pled 'with specificity, and the claim must be supported by affidavits other than his own.'" *Moore v. State*, 248 So. 3d 845, 851 (¶15) (Miss. Ct. App. 2017) (quoting *Shavers v. State*, 215 So. 3d 502, 507 (¶14) (Miss. Ct. App. 2016)). "When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Id*.

¶6. Furthermore, to prevail on his claims of ineffective assistance of counsel, Luckett must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "[A] presumption exists that the attorney's conduct was adequate." *Sykes v. State*, 909 So. 2d 120, 121 (¶4) (Miss. Ct. App. 2005) (citing *Burns v. State*, 813 So. 2d 668, 673 (¶14) (Miss. 2001)). We find nothing in the record to support Luckett's allegations of ineffective assistance. When entering his guilty plea, Luckett expressed no issues with his counsel's representation:

> THE COURT: You've been represented by Mr. Duncan. Are you satisfied with his representation?
>
> A. Yes, sir.
>
> THE COURT: Do you have my complaints you wish to make about your

attorney?

A.              No, sir.

Regarding the allegations related to the felon-in-possession charge (Count III), Luckett's attorney negotiated a favorable disposition for that charge. *See, e.g.*, *Hickerson v. State*, 336 So. 3d 1134, 1144 (¶29) (Miss. Ct. App. 2022) (recognizing "a lenient plea deal that results in a lesser sentence than the potential maximum penalty that a defendant could have received 'weighs heavily against finding injustice in the denial of [an] ineffective-assistance-of-counsel claim'") (quoting *Brown v. State*, 187 So. 3d 667, 672 (¶12) (Miss. Ct. App. 2016)). Moreover, his attorney did file a motion requesting DNA testing of the firearm. Additionally, Luckett agreed to waive arraignment on May 22, 2019; so we find no merit to his claim that counsel performed ineffectively at his arraignment.

¶7.    Luckett also contends that without the transcript of the proceedings prior to Luckett's entry of his guilty plea, he cannot prove his lawyer's ineffectiveness with regard to his remaining claims (i.e., failure to object, advocate, or call certain witnesses).[6] However, as the State notes, "the record shows that Luckett's attorney effectively advocated for him" by requesting discovery from the State and by filing several pretrial motions, including a motion for severance and a motion to exclude evidence of his prior felony convictions. And the transcript of Luckett's plea proceedings clearly indicates that he was satisfied with his

---

[6] Although Luckett claims that his attorney possessed written notarized statements from his co-defendant, Erick Luckett, that would rebut Erick's false allegations at trial, the record does not contain any evidence supporting this claim. "Bare allegations are insufficient to prove ineffective assistance of counsel." *McCray v. State*, 107 So. 3d 1042, 1045 (¶12) (Miss. Ct. App. 2012).

4

defense counsel's representation. *See Tucker v. State*, 294 So. 3d 690, 695, 698-99 (¶¶11, 18-19) (Miss. Ct. App. 2020) (Although no trial transcript of the proceedings prior to the defendant's entry of his guilty plea was in the record, this Court found the defendant had failed to rebut his "on-the-record statements" regarding his satisfaction with counsel's performance.).

¶8.     Lastly, because we find no individual errors, we must also find Luckett's claim that the cumulative errors of his attorney resulted in prejudice is without merit. *See Lawrence v. State*, 116 So. 3d 156, 163 (¶37) (Miss. Ct. App. 2012) (holding that "if there are no individual errors, there can be no cumulative error that warrants reversal" (quoting *Harding v. State*, 17 So. 3d 1129, 1133 (¶13) (Miss. Ct. App. 2009))).  Accordingly, we affirm the circuit court's judgment.

¶9.     **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.  EMFINGER, J., NOT PARTICIPATING.**